21906. EMPLOYERS LIABILITY ASSURANCE CORPORATION LIMITED
*et al. v.* MONTGOMERY.

JENKINS, P. J. This was a claim for compensation on account of the death of the claimant's husband. It was undisputed that the decedent met his death when the automobile in which he was traveling in the performance of his duties as a traveling salesman for the defendant employer overturned. The right of the claimant to compensation was disputed upon two grounds: first, that the decedent was an independent contractor, and not a servant of the employer; and, second, that his death was the result of his own misconduct in operating the automobile while intoxicated and at a greater rate of speed than that authorized by law. The sole commissioner hearing the case, in his award, after narrating a portion of the evidence adduced before him, found, "as a matter of fact," that the decedent was "sober at the time of the accident;" that he was "an employee" of the defendant company "and at the time of the accident which caused his death he was in the course of said employment;" that the accident which resulted in the death of the decedent "was an accident that arose out of and in the course of his employment, and that said accident was due to a blow-out of his left front tire." The commissioner further found that the defendants had not sustained or proved the contention that the decedent was exceeding the State speed laws while under the influence of intoxicating liquors. The Industrial Commission, on review, approved the findings and award of the sole commissioner, and this judgment was affirmed by the superior court on appeal. The employer and the insurance carrier now except to the latter judgment, contending that the award of the sole commissioner as entered was not accompanied with a statement of the findings of fact upon which it was based, as required by the workmen's compensation act. *Held:*

1. "An injury arises 'in the course of employment,' within the meaning of the Georgia workmen's compensation act, when it occurs within the period of employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties, or engaged in doing something incidental thereto. An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing proximate cause." These conditions

must concur before the act can apply. *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (118 S. E. 786).

2. While it has been held that in a proceeding before the Industrial Commission it is required by the workmen's compensation act that the award of the commission be accompanied with a statement of the findings of fact upon which it is made, which requirement contemplates a concise but comprehensive statement of the cause and circumstances of the accident as the commission shall find it in truth to have occurred, and that a mere repetition of the evidence heard is not a compliance with this requirement (*Southeastern Express Co.* v. *Edmondson*, 30 *Ga. App.* 697, 119 S. E. 39), it is not necessary, even where no such finding of fact accompanies the award, to remand a case to the Industrial Commission in order that the commission's findings of fact may be stated in a case where the facts as disclosed by the record are undisputed. *Southeastern Express Co.* v. *Edmondson*, supra; Prouse *v.* Industrial Commission, 69 Colo. 382 (194 Pac. 625). Accordingly, the approval by the full commission of the findings of the sole commissioner being sufficient, without a restatement in detail by the full commission, the case should not be remanded for any statement by the commission of its findings of fact upon the question of whether or not the accident arose "in the course of employment," since it appeared without dispute that the decedent was killed in the course of his employment while in the performance of his duties as a traveling salesman; nor upon any question as to the amount of compensation to which the claimant might be entitled, since it appeared without dispute that the decedent was earning in excess of $30 per week. While, under the ruling stated in the *Edmondson* case, the statement, by the commission, merely as a conclusion, that the accident arose out of and in the course of the employment, standing alone, would be insufficient, there is a further specific finding that the accident was occasioned by a tire of the automobile being blown out. Since it was not disputed that the accident arose in the course of the employment, and the specific finding of fact by the commission that the accident was the result of a blow-out was necessarily a finding that the accident arose "out of" the employment, in that it arose because of the employment, the statement of the commission, by way of conclusion, that the accident arose out of and in the course of the employment, was based upon a sufficient specific finding of fact. So far as respects the contentions made by the defendants that the decedent was not an employee, and that the accident was brought about by reason of his own misconduct, the commission specifically found that he was an employee, that he was not guilty of the only misconduct charged,—that of being intoxicated,—and that the defendants had not sustained these contentions. Accordingly, it can not be said that the award of the commission was not based upon sufficient findings of fact, or that the case should be remanded to the commission in order that such findings might be entered.

3. There was evidence which authorized a finding that the decedent was traveling a regular territory, fixed by the employer, observing a regular schedule of covering such territory, as required by the employer, and taking orders subject to the approval of the employer. Accordingly, although the evidence further disclosed that the decedent traveled in his

own automobile, at his own expense, and received no fixed compensation, but only commissions on his sales, the Industrial Commission was authorized to find as a matter of fact that he was an employee rather than an independent contractor, since the evidence showed that the employer exercised control over the time, manner, and method of doing the work.

4. Since the findings of fact by the Industrial Commission, within its power, are conclusive and binding upon the courts, the judge of the superior court did not err in affirming the award in the claimant's favor.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 29, 1932. REHEARING DENIED SEPTEMBER 26, 1932.

*H. J. McBride,* for plaintiffs in error. *W. W. Mundy,* contra.