## 29754. WILSON *v.* SWIFT & COMPANY.

Decided November 4, 1942. Rehearing denied December 19, 1942.

*Frank S. Twitty,* for plaintiff. *Hoyt H. Whelchel,* for defendant.

Felton, J. This is a workmen's compensation case. Wilson was awarded compensation against Swift & Company for an injury which arose out of and in the course of his employment. After paying the compensation for a period of time, Swift & Company filed an application with the Industrial Board to stop the payments of the compensation on account of a change in his condition. A hearing was ordered. At the hearing before the director evidence was introduced. The lay testimony, which was offered by the claimant, tended to show that there had been no change in condition, but that the claimant was still totally incapacitated. The medical testimony, offered by the employer, tended to show that any incapacity suffered by the claimant was not due to his employment, and that he was not totally incapacitated. It appeared from the testimony of the doctors that they had not seen the claimant either before or at the original hearing at which compensation was awarded, but that the first time they had seen him was just before the hearing on a change in condition. The director found that there had been no change in condition, and in his award said: "The evidence of Doctors Boyd and Thornton is that they did not know of his condition at the time of the last hearing, as they never saw the claimant prior to July 1941, and it necessarily follows that if the claimant has the same complaints to-day, and suffers from

the same symptoms at this time as he did at the time of the previous award, no change in condition could be found by the undersigned director. . . From the facts adduced at the within hearing, and the law as this director construes it, the employer . . has not shown by a preponderance of the evidence that S. O. Wilson, claimant, has undergone a change in condition since the previous hearing."

On appeal the superior court reversed the award and in the order said: "The Industrial Board, in this opinion, declared that since Dr. Boyd and Dr. Thornton had not seen the claimant at the time of the first hearing nor before the time of the examination, their evidence as a matter of law did not merit any consideration upon the issues involved. I think this is manifestly error. If the evidence of Dr. Boyd and Dr. Thornton is true, the plaintiff is not entitled to recover against them further. I am compelled to disagree with the Industrial Board and to reverse their judgment and set it aside, and it is so ordered, with instructions that the board reconsider the case."

The judge did not err in reversing the award. The condition of the claimant at the hearing on change in condition was a question of fact, and was to be determined, not by what his condition might have been at or before the original award, but what it was after the application for a hearing on change of condition. It does not matter that the doctors who testified as to the condition of the claimant after the application for hearing on change in condition had never seen him before. Their testimony as to what they found the condition of the claimant to be at the, time of their examination was entitled to consideration, and it was error for the director to arbitrarily disregard it in making his award. It is true that the director could take the lay testimony instead of the medical testimony if he saw fit, but where it appeared that the medical testimony was not considered for the reason given the award must be reversed. We think this case is sustained by *Bibb Manufacturing Co.* v. *Alford,* 51 *Ga. App.* 237 (3) (179 S. E. 912), and *Employers Liability Assurance Cor.* v. *Woodward,* 53 *Ga. App.* 778 (3) (187 S. E. 142). The judgment remanding the case to the Industrial Board is

*Affirmed. Stephens, P. J., and Sutton, J., concur.*