33228.   MARYLAND CASUALTY CORP. *et al.*
*v.* MITCHELL.

DECIDED OCTOBER 6, 1950.   REHEARING DENIED DECEMBER 15, 1950.

*T. Elton Drake, John M. Williams,* for plaintiffs in error.
*Roscoe Pickett Jr.,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Where the parties in a workmen's compensation case by agreement settle the question of the claimant's disability, and such agreement is approved by the Board of Workmen's Compensation, it becomes *res adjudicata* as to percentage of disability at the time of the award, and a subsequent hearing on change of condition must show an increase or decrease in the percentage of disability *subsequent* to the approval of the agreement. See *Georgia Marine Salvage Co. v. Merritt,* 82 *Ga. App.* 111 (60 S. E. 2d, 419).

■ The evidence in this case was sufficient to have authorized the deputy director to find as a matter of fact that a change had occurred in the condition of the claimant subsequent to the award, based upon the testimony of the claimant himself that

his leg was less usable, the testimony that after the skin had healed it again broke out and became infected, causing increased pain and loss of motion, and testimony that the claimant had returned to work about the time the agreement was signed and, after remaining at work for a short period of time was forced to discontinue it because of his leg. The contention that the award is without evidence to sustain it is without merit.

■ Counsel for the insurance company contend, however, that the board did not actually find a change of condition, as shown by the award, and that for this reason the award of additional compensation is contrary to law. It is true that the award is ambiguously worded, and that the director, after stating that the hearing was based upon a changed condition, set out the testimony of one doctor to the effect that permanent improvement had been reached, that there was a 33⅓% loss of function and no change of condition, and the testimony of the other doctor that permanent improvement had not been reached and that there was a temporary total disability existent at that time so far as the claimant's leg and ability to work were concerned. After stating these facts, the deputy director continued that in an effort to reconcile the difference between these two eminent doctors, and from observation and testimony of the claimant, he found a 50% permanent loss of use. He did not state as a finding of fact that the increased loss of use had occurred since the approval of the agreement, although he would have been authorized to so find. A similar situation arose in a challenge to the award of the Board of Workmen's Compensation as set out in *Southeastern Express Co.* v. *Edmondson,* **30** *Ga. App.* 697 (119 S. E. 39) on the ground that it did not set out a finding of facts but simply a narrative of the testimony of the witnesses, and that it is the duty of the board to weigh the evidence and to declare what it finds to be the truth. The court there pointed out that it should be remembered that legal precision and nicety in the report should not be insisted on, and that the statement complained of there "appears to us to be a statement of his findings, succeeded by a story of the evidence upon which it is based. If the quoted statement may with equal reason be said to be the one or the other, it should be construed, after judgment, to be that which will make the judgment valid."

In this case, if the award might be construed to be based upon a change of condition, as contended by the claimant, or not based upon a change of condition, as contended by the insurance company, that construction will be adopted by this court which will validate the judgment. This is the more true because the deputy director noted that the hearing was based upon a change of condition, and it is not to be presumed by inference that he went beyond the issues as correctly set out in his statement of fact.

The judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*