36911.   UNITED STATES FIDELITY & GUARANTY
COMPANY *et al. v.* BRAZIER.

DECIDED NOVEMBER 19, 1957—REHEARING DENIED
DECEMBER 6, 1957.

744

*Carlton McCamy, Hardin & McCamy*, for plaintiffs in error.
*Wade H. Leonard, McClure & McClure*, contra.

NICHOLS, J. 1. Both the award of the State Board of Workmen's Compensation and the judgment of the superior court held that the claimant was suffering from a total incapacity at the time of the hearing, and was entitled to compensation at a rate of $26.13 per week. There is no contention that such findings were not authorized. The board's award found that the claimant's incapacity was temporary, while the judgment of the superior court held that such incapacity was permanent. The judgment of the superior court was predicated on the theory that the evidence demanded a finding that the claimant had reached maximum improvement and that such incapacity was permanent.

Counsel for the claimant relies on the case of *Employers Liability Assurance Corp.* v. *Hollifield*, 93 *Ga. App.* 51 (90 S. E. 2d 681), to support the position that the judgment of the superior court should be affirmed. In that case the board found that the claimant had reached maximum improvement, and that the disability was permanent, but entered an award for the wrong amount of compensation. On appeal the superior court entered judgment for the correct amount of compensation without remanding the case to the board, and this court affirmed the judgment of the superior court. Therefore, *Employers Liability Assurance Corp.* v. *Hollifield*, supra, is distinguishable from the present case.

Dr. Robert A. Waters, the physician under whose care the claimant was placed almost immediately after he received the injury, testified that the injury to the claimant's back was permanent, but there was no evidence that the claimant's "earning

capacity," as contemplated by the Workmen's Compensation Act, was permanently impaired.

" 'The incapacity for work resulting from such an injury is total not only so long as the injured employee is unable to do any work of any character, but also while he remains unable, as a result of his injury, either to resume his former occupation or to procure remunerative employment at a different occupation suitable to his impaired capacity.' *Austin Bridge Co.* v. *Whitmire*, 31 *Ga. App.* 560, 566 (121 S. E. 345) ; *Lumbermen's Mutual Cas. Co.* v. *Cook*, 69 *Ga. App.* 131, 136 (25 S. E. 2d 67)." *Employers Liability Assurance Corp.* v. *Hollifield*, 93 *Ga. App.* 51, 53 supra. Under all the evidence adduced, the finding that the claimant was then "totally incapacitated" was demanded, but a finding that such incapacity was permanent was not demanded. It appeared from the evidence that there were certain positions that the claimant may have been capable of holding. Accordingly, the superior court erred in reversing the award of the full board.

2. In view of the judgment in the first division of the opinion, the motion made by the defendant in error to assess damages against the plaintiffs in error for unreasonable delay in filing the appeal must be dismissed.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*