37071. PACIFIC EMPLOYERS INSURANCE COMPANY
*et al. v.* WEST.

DECIDED MARCH 14, 1958—REHEARING DENIED APRIL 1, 1958.

*Smith, Field, Doremus & Ringel, Palmer H. Ansley, Richard D. Carr, Harry E. Monroe,* for plaintiffs in error.

*Ward, Brooks, Parker & Daniel, Cullen M. Ward,* contra.

GARDNER, Presiding Judge. 1. Counsel for the plaintiff in error makes three contentions in his brief, the first of which is that the findings of fact are not sufficient in law to support an award granting compensation for the reason that there is not listed in the findings of fact the evidence pertaining to the exertion of the claimant. The director stated: "I find as a matter of fact claimant has shown exertion on the part of the deceased and further that he died of a 'heart failure.' There was no evidence to refute the exertion, and no competent evidence to show an intervening cause which would have precipitated the attack which caused his death." This finding is supported by evidence of a fellow employee that he and the claimant were engaged in the job of assembling tables which weighed about 100 pounds each, that they worked on opposite sides of a workbench; that in assembling the tables "we take them a piece at a time . . . file the edges off, turn the tables over and place two slides in them and the screws, run the screws down, put the dial in and push them together, after that we put whatever hardware there is . . . and then there is the legs that sets on them, we put them in there and nail them down . . . and then we get a box and each gets on one side, one on one side and one on the other,

and slide it up maybe four feet from where we work out." They turn out about 35 tables per day. He classified it as medium work "two men to do it, it is not light work . . . it is not too heavy for two men to do." He also testified that the claimant after going to the restroom "come back and worked just a little bit." Accordingly the finding of fact that exertion had been shown was in fact supported by evidence, nor is the evidence susceptible of the construction that only the witness worked on that day,.

Where the findings of fact of the hearing director are supported by evidence, and thereafter approved and adopted by the full board, such findings of fact are binding upon the court in the absence of fraud. *Campbell Coal Co.* v. *Render,* 48 *Ga. App.* 547 (2) (173 S. E. 245).

2. The statement in the finding of the deputy director as follows: "There being sufficient evidence in the instant case to resolve the question either way, the law provides the benefit should be resolved in favor of the claimant" is an erroneous conclusion of law for the reason that the burden of proving by a preponderance of the evidence that his claim is compensable is always on the claimant. *Johnson* v. *Fireman's Fund Indem. Co.,* 79 *Ga. App.* 187 (1) (53 S. E. 2d 204). On the former appeal of this case in *Pacific Employers Ins. Co.* v. *West,* 213 *Ga.* 296, 299 (99 S. E. 2d 89) it was held: "Since the compensation board on its de novo trial of the plaintiff's claim for compensation neither adopted and thereby approved the deputy director's findings of fact as its own findings of fact nor made its own independent findings of fact from the evidence heard by the deputy director as it was authorized to do under the compensation law, there was nothing on which the judge could base a final judgment awarding compensation to the claimant as he did." On the return of the case the full board entered an award which recited, "After careful and thorough consideration of the record in this case, the majority of the board adopts the findings of fact of the deputy director in her award of September 28, 1955, as its findings of fact." The previous decision, supra, describes an award without findings of fact as being "like a verdict which is wholly unsupported by any competent evidence." Legal conclusions, of course, are not evidence. The finding of fact of the deputy director is

sufficient to operate as the basis of an award in favor of the claimant, although the claimant would not be entitled to an award based simply on the proposition that the evidence was doubtful or that the claimant should be given the benefit of the doubt. The findings of fact of the deputy director are sufficient without regard to her erroneous conclusion of law, and the adoption of the findings of fact shows no intent on the part of the full board to adopt such conclusions. "After the award, that construction of the findings which would render the judgment valid should be adopted in preference to a construction which would render such judgment invalid, where such construction is reasonable and can fairly be applied." *Maryland Casualty Corp.* v. *Mitchell*, 83 *Ga. App.* 99 (3) (62 S. E. 2d 415). This court will therefore assume that the full board intended to and did place a legal rather than an illegal construction upon the findings of fact of the single director which it adopted, and that it did not intend to thereby approve the erroneous conclusion of law of the latter.

3. The employee, after suffering pain around noon which, according to medical opinion testimony was a heart attack, did a little more work and went home around 2:30 p. m. He died around 7 p. m. as the result of myocardial infarction following a second attack. The only evidence as to exertion after leaving his job (except that he ate a little supper and walked about 100 yards to a used car lot) was testimony of his son to the effect that his father also walked to a shopping center about a mile from his home and, after supper, worked on an automobile and helped lift out a battery. The finding of fact of the hearing director as to this evidence is that it is hearsay in that the witness was not with his father and did not know of his own knowledge whether or not these facts were true. The finding is supported by a later affidavit of the witness stating that he had testified as he did because he was angry with the claimant, and that as a matter of fact he had no personal knowledge of the subject matter of his testimony. Hearsay evidence, although admitted without objection, is entirely without probative value. *Nesbit* v. *State*, 71 *Ga. App.* 744 (1) (32 S. E. 2d 207).

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*