37595. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* GRIMES.

QUILLIAN, Judge. In this case the deputy director entered an award in favor of the employer. She based her award upon the conclusion that the claimant had not carried the burden of proving a change in his condition since he returned to work after a period of disability caused by a compensable injury. Three physicians testified as expert witnesses in the case.

The deputy director held that the testimony of two of the witnesses could not be considered by her since they had not examined the claimant at or before the original claim for compensation was filed. Both witnesses answered various hypothetical questions, some of which were material in establishing the fact of the alleged change in the claimant's condition. On an appeal of the case Judge Shaw of Fulton Superior Court reversed her decision.

Judge Shaw wrote an opinion: "This is a change of condition. The board made an erroneous finding of law in holding that only the testimony of Dr. McLendon could be considered since the other two named doctors had not examined claimant at or before the original claim was filed. The case of *Phinese* v. *Ocean Accident &c. Corp.*, 81 *Ga. App.* 394 (58 S. E. 2d 921) does not apply since there was evidence by the claimant himself as to a change in condition. The board should have considered, along with the other evidence, the testimony of Dr. Trimble and Dr. Bickers since this testimony is admissible. See *Wilson* v. *Swift & Co.*, 68 *Ga. App.* 701 (23 S. E. 2d 261). The weight and credit to be given the testimony of these doctors is a matter which addresses itself to the sole discretion of the board."

The opinion expresses the views of this court.

*Judgment affirmed. Gardner, P. J., Carlisle and Nichols, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

DECIDED JULY 6, 1959—REHEARING DENIED JULY 21, 1959.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux*, for plaintiffs in error.

*L. D. Burns, Jr.*, contra.

FELTON, Chief Judge and TOWNSEND, Judge, dissenting.

This is an appeal from a judgment of the Superior Court of Fulton County reversing an award of the State Board of Workmen's Compensation which denied the claim of Samuel Grimes for compensation based upon a change in condition. The defendant in error, Samuel Grimes, hereinafter referred to as the claimant, was employed by the American Chain & Cable Company who, with its insurance carrier, is now plaintiff in error.

In the hearing before the board it was stipulated that the

claimant had suffered an accident and injury on November 5, 1956; that compensation payments were commenced on November 13, 1956; that claimant returned to work on November 26, 1956, and a final compensation settlement receipt was received by the board on December 7, 1956. The nature of the original injury was lower back strain.

The claimant testified that when he resumed work after his back injury, he at first was assigned to light duties but he was "put back on the heavy lifting" about a month before he "had to quit". He further testified that the reason he "had to stop" in April, 1957, was the "same back trouble" he had in November, 1956.

Dr. Hoyt B. Trimble, an osteopath, testified that he had examined the claimant in July, 1957, that in the lower back region he "has a permanent injury there and unless something is done for it I believe he will be more or less disabled in that area"; that the claimant "has a permanent injury" but "as to percentage, that would be hard to determine"; that he had examined him on only one occasion.

Dr. F. Earl McLendon, testified that he treated the claimant during the period from November 6-13, 1956, for a sprained back; that he "saw no permanent disability at the time"; that he has not seen the claimant since that time, and could not testify as to whether his condition has changed.

In behalf of the defendants, Dr. Donald Bickers testified that he had examined the claimant on May 29, 1957; that he "found nothing unusual except minor tenderness" and there were "no significant signs, objectively, of disability." There was also testimony of the claimant's direct supervisor, Mr. C. F. Veal, Jr., and the employer's local manager, Mr. J. L. Filbert, to the effect that the claimant had been absent from work due to intoxication, and his employment was terminated in April, 1957, for that reason.

The findings of the board in pertinent portion are as follows: "I find further that although the testimony of three doctors was introduced, only Dr. McLendon could have testified with regard to a change in condition, since he was the only doctor who saw claimant at the time of his injury, and was the attending physician—chosen by claimant. That this doctor had not

seen claimant since an office visit on December 5, when he discharged him as 'cured' and pronounced him as able to return to work on December 15, 1956, at which time he saw no evidence of permanent disability. Thus he could not testify as to Grimes' present condition, or whether he had suffered a change in condition.

"I find further claimant was examined by two other doctors, namely, Dr. Donald Bickers, a neurosurgeon on May 29, 1957, and Dr. Hoyt Trimble, an osteopath, in July of 1957.

"Neither of these doctors could testify regarding claimant's condition in 1956. Dr. Bickers could find no physical basis for the agitated state in which claimant came to his office. That he was of the opinion the man was frightened, or anxiety over his physical condition or his financial condition, or that he was psychotic. That he did not consider the man physically disabled.

"That Dr. Trimble only examined claimant, and that by palpation. That no X-rays were taken. He was of the opinion claimant was permanently disabled, but could give no rating. That claimant was referred to him by his lawyer.

"I find further that claimant gave the impression he did not agree with the treatment of Dr. McLendon, in that he did not return after December 15, 1956, because as he said, this doctor only gave him shots and told him to sleep on a hard board. Yet, at another point in his testimony he said he went back to Dr. McLendon about thirty days before he left American Chain & Cable Co. This contention is not borne out by the evidence. Claimant also insisted he was in the hospital two weeks, yet the hospital bill and the testimony of Dr. McLendon disclose he was hospitalized from July 6 to July 13, 1957. Claimant further stated he didn't get a lawyer until December 20, 1957, yet the evidence is uncontradicted that he was sent by his lawyer to Dr. Trimble in July of 1957, and a claim was filed in his behalf by his attorney in October of 1957.

"I find further that although claimant stated he could do light work, and had applied for work, he couldn't name a single place where he had made application and been turned down.

"I find therefore, claimant has not carried the burden of proving a change in condition medically or otherwise. That follow-

ing the law as laid down in the case of *Phinese* v. *Ocean Acci. & Gty. Corp.*, 81 *Ga. App.* 394, the only evidence which might show any change in condition was that of Dr. Trimble, an osteopath, who saw claimant in July of 1957, some eight months after his accident, and some nine to ten months before the hearing for which he testified. That compensation must therefore be denied."

The claimant appealed the board's award to the Superior Court of Fulton County which rendered the judgment quoted in the majority opinion.

The superior court reversed the award because of purported error by the board "in holding that only the testimony of Dr. McLendon could be considered." In support of its decision the court cites *Wilson* v. *Swift & Co.*, 68 *Ga. App.* 701 (23 S. E. 2d 261) in which case the Industrial Board in its opinion declared that since two named doctors had not seen the claimant at the time of the first hearing or before the time of the examination "their evidence as a matter of law did not merit any consideration upon the issues involved." On appeal the superior court reversed the award. This court, in affirming the judgment of the superior court, held that the testimony of the two doctors "as to what they found the condition of the claimant to be at the time of their examination was entitled to consideration, and it was error for the director to arbitrarily disregard it in making his award."

From the findings of the board in the instant case, however, it is apparent that consideration was given to the evidence of Drs. Trimble and Bickers on the issue of change of condition. The testimony favorable to the claimant was that of Dr. Trimble and with reference thereto the board found "that Dr. Trimble only examined claimant, and that by palpation. That no X-rays were taken. He was of the opinion claimant was permanently disabled, but could give no rating. That claimant was referred to him by his lawyer." It was also found that the evidence of Dr. Trimble "might show . . . change of condition." It is quite apparent, therefore, that the board did give consideration to testimony favorable to the claimant as to change of condition, and, as succinctly stated in the order of the superior

court, the "weight and credit to be given the testimony of these doctors is a matter which addresses itself to the sole discretion of the board." Here there is not a complete failure to consider the evidence of the two doctors, or an arbitrary disregard of their testimony, as in *Wilson* v. *Swift & Co.*, 68 *Ga. App.* 701, supra, but rather a finding that although the evidence might show a change in condition "claimant has not carried the burden of proving a change in condition medically or otherwise."

Nor is the finding "that although the testimony of three doctors was introduced, only Dr. McLendon could have testified with regard to a change in condition" in conflict with this construction. When considered together with the findings referred to above, this statement can only be taken to mean that neither of the two doctors could state from his own knowledge a conclusion as to whether or not the condition of the claimant had in fact changed.

It is true that there was testimony by the claimant himself as to a change in condition and the superior court order implies that the board did not consider this evidence. The claimant's testimony in this regard was admitted into evidence at the hearing. Such evidence was therefore considered by the board and the findings merely state that portion of the evidence to which it accorded weight and credibility. This is particularly true in view of the specific findings as to several matters adversely affecting the claimant's credibility and the finding "claimant has not carried the burden of proving a change in condition medically *or otherwise.*" (Emphasis added.)

When the findings of the board are viewed as a whole, it is plain that the evidence which the superior court felt had been excluded in making the award was in fact considered by the board, which simply failed to accord such evidence a sufficient degree of weight or credibility to sustain the burden of proof.

As was stated in *Maryland Cas. Corp.* v. *Mitchell*, 83 *Ga. App.* 99 (3) (62 S. E. 2d 415): "Legal precision and nicety are not to be insisted upon in the findings of fact of the Board of Workmen's Compensation, and, after the award, that construction of the findings which would render the judgment valid should be adopted in preference to a construction which would

render such judgment invalid, where such construction is reasonable and can fairly be applied."

We think that the statement by the superior court judge to the effect that the board ruled that any testimony of any doctor could not be considered at all is not borne out by the record.