38187. TRAVELERS INSURANCE COMPANY *et al.* v. BOYER.

DECIDED JUNE 23, 1960—REHEARING DENIED JULY 21, 1960.

Greene, Neely, Buckley & DeRieux, James H. Moore, for plaintiffs in error.

G. Seals Aiken, Ben F. Sweet, contra.

NICHOLS, Judge. 1. In order for the deputy director's award to have been authorized in this case, there must have been some competent evidence in the record of a change in the claimant's physical condition between the time when the approved agreement was entered into between the parties, whereby the claimant was paid the maximum amount based on a total incapacity to work, and the time of the hearing before the deputy director. This record discloses that the claimant, at the time of his injury, was a boy sixteen years of age employed and working as a manual laborer. The claimant and his father testified that he had been totally unable to work since sustaining his injury of June 17, 1957. Dr. Martin T. Myers and Dr. Frederick R. Lovell, witnesses for the claimant, each testified that he was permanently injured and unable to return to work. Dr. James Funk, one of the employer's medical experts, testified that he could not arrive at a completely adequate opinion from a single examination, but that he did find that the claimant had a limited motion

of the back and neck, limited rotation, flexion and extension, and that the claimant complained of pain when he endeavored to extend said limited motion. Dr. Funk further testified that he believed the claimant was feigning his limitation of back and neck. Dr. Roy Ledbetter, the employer's other medical expert testified that he saw the claimant on three different occasions, the last time on August 5, 1957, at which time he dismissed the claimant as a patient and pronounced him capable of returning to work. However, when Dr. Ledbetter was confronted with the medical opinions of Doctors Myers and Lovell, who had examined the claimant on December 17, 1957, some four months subsequent to the claimant's last visit to Dr. Ledbetter, he stated that some intervening agent *could* have resulted in the condition found by Doctors Myers and Lovell, but that he could not say at the time his testimony was being taken that the claimant was not suffering pains in his back from the injury he had received on June 17, 1957. Thus it is apparent that the most that could be said of Dr. Ledbetter's testimony unfavorable to the claimant was that some intervening agent *could* have resulted in the condition found by Doctors Myers and Lovell. As here used the word "could" merely expresses "a contingency that may be possible" and nothing more. Webster's New International Dictionary (2d ed., 1934); *U. S. Casualty Co. v. Kelly*, 78 Ga. App. 112, 116 (50 S. E. 2d 238). Obviously this testimony was insufficient to establish or sustain a contention that there had been a change in the claimant's condition.

2. At the time of the claimant's injury all parties agreed that the claimant had suffered an injury that rendered him totally incapacitated to work, and was entitled to be paid under *Code Ann.* § 114-404, maximum disability payments as long as he continued so incapacitated, or until a change in his condition be shown by competent evidence on a hearing called for that purpose. There is no competent evidence in the case sub judice showing any change in the claimant's condition. In the case of *Fletcher v. Aetna Cas. &c. Co.*, 95 Ga. App. 23 (96 S. E. 2d 650), the decision in the case of *Phinese v. Ocean Accident &c. Corp.*, 81 Ga. App. 394 (58 S. E. 2d 921), was reaffirmed, as it has been in many other cases, and it was again announced that in

order for an award finding a change in condition to be authorized there must be evidence to authorize the finding that the claimant's condition has changed since the original award, and it was there held that the testimony of one physician, who examined the claimant only at the time of the hearing, as to what percentage the claimant was then disabled, was insufficient to show that there had been a *change in condition*. Here the testimony relied on to show that there had been a change in condition (this time for the better) was a physician who examined the claimant only at the time of the hearing, here being reviewed, who testified as to what he believed the claimant's condition to be at that time. Accordingly, if such testimony would not be sufficient to authorize a finding of a change in the condition for the worse it certainly would not be sufficient to authorize a finding of a change in condition for the better, and such testimony was of no evidentiary value.

Neither is there any competent evidence in this record that the claimant was capable, able or qualified to do any work other than physical manual labor, and the claimant is entitled to be paid under the provisions of *Code Ann.* § 114-404, supra; "not only so long as the injured employee is unable to do any work of any character, but also while he remains unable, as a result of his injury, either to resume his former occupation or to procure remunerative employment at a different occupation suitable to his impaired capacity." *U. S. Fidelity &c. Co. v. Brazier,* 96 Ga. App. 743, 745 (101 S. E. 2d 625), and citations.

Accordingly, the judge of the superior court did not err in reversing the State Board of Workmen's Compensation, and the judgment of that court is hereby affirmed.

*Judgment affirmed. Gardner, P. J., Carlisle, and Frankum, JJ., concur. Felton, C. J., Townsend and Bell, JJ., dissent.*

ON MOTION FOR REHEARING.

NICHOLS, Judge. The insurer and employer contend in this motion for rehearing that this court has overlooked and failed to apply the law as found in the decision of *Wilson v. Swift & Co.,* 68 Ga. App. 701 (23 S. E. 2d 261) which they contend would require a different decision.

The case of *Phinese v. Ocean Accident &c. Corp.,* 81 Ga. App.

394, which this court has cited in the majority opinion, holds that a physician who had not seen the employee claimant prior to the hearing on change of condition could not testify that the claimant's condition had changed, in the absence of other testimony as to a change in condition. This case cited and followed the cases of *Moore v. American Liability &c. Co.*, 67 Ga. App. 259 (19 S. E. 2d 763), and *Gravitt v. Georgia Cas. Co.*, 158 Ga. 613 (123 S. E. 897), which are older cases than that relied on by the movants, and if there is any conflict between such cases and the case relied on by the movants the older cases of this court and the decision of the Supreme Court, herein cited, must be followed. "Where there is no change in condition, the department cannot rehear the case on its merits and determine under the evidence that the claimant was totally disabled and had been since his injury, and make an award increasing his weekly compensation payments from a fifty percent disability basis to a one hundred percent disability basis, or vice versa." *Fralish v. Royal Indem. Co.*, 53 Ga. App. 557 (1) (186 S. E. 567). In the present case there was no competent evidence of a change in claimant's condition.

*Rehearing denied.*

FELTON, Chief Judge, TOWNSEND and BELL, Judges, dissenting. The findings of the deputy director disclose that an agreement was entered into between the parties and approved by the board on August 27, 1957, which provided for compensation on the basis of total disability arising out of and in the course of employment. Such an approved agreement is conclusive both as to the compensability of the injury and the extent of disability of the employee as of the date of such award. *Travelers Ins. Co. v. Hammond*, 90 Ga. App. 595(2) (83 S. E. 2d 576) and cit; *Hartford Accident &c. Co. v. Camp*, 69 Ga. App. 758 (26 S. E. 2d 679); *Home Accident Ins. Co. v. McNair*, 173 Ga. 566 (1b) (161 S. E. 131); *Manus v. Liberty Mut. Ins. Co.*, 100 Ga. App. 289 (1) (111 S. E. 2d 103). Accordingly, in our opinion, the testimony of Dr. Roy H. Ledbetter, Jr., as to the claimant's condition on August 5, 1957, and prior thereto and his further opinion that the assumed clinical picture of December 17, 1957, could not be present as a result of claimant's injury is totally irrelevant and should not be considered.

However, it further appears that Dr. F. James Funk, Jr., examined the claimant on March 7, 1958. In his opinion the claimant was a husky 16-year-old who was well muscled and appeared to be somewhat athletic. The claimant limited his motion of neck and back in all degrees but when his attention was distracted his movements appeared to be roughly normal and were more readily made. His upper extremities were examined in detail. No atrophy was found and there was a normal range of motion in elbows, hands and wrists. His spine was found to be entirely normal and the length and circumference of his legs were equal. There was no evidence of sensory disturbances or of abnormal alignment, arthritis or injury to the neck or spine. His joints were normal. After giving a detailed account of his examination and findings, Dr. Funk testified: "Q. Doctor, did you find any disability in this young man as of the date of your examination? A. I could find no objective evidence of any disability, or let me say, I could find no evidence of any dis-function." In view of this testimony, we do not agree with the majority opinion that a finding of total incapacity was demanded by the evidence, nor do we believe that Dr. Funk qualified his opinion in this regard. On cross-examination he testified as follows: "Q. Isn't it true that you could not come to a conclusive opinion that would satisfy you as a doctor that this boy was not suffering any' pain, when you examined him at that particular time, and you could not conclusively say that he was not suffering from any injury, on the basis of just one examination, and not having seen him or examined him before this occasion and not having seen or examined him following that occasion? A. I don't believe I could come to a completely adequate opinion that he was suffering no pain. I believe I came to a fairly adequate opinion that the complaints that he had were exaggerated, on the basis of my examination. I believe they were exaggerated at the time I saw him. . . Q. Isn't it rather difficult for a doctor to arrive at a definite conclusive opinion from just one examination which you made many months after the injury and not having seen him when he was hurt or within the months following the infliction of the injuries or the sustaining of the injuries? A. The only con-

clusion I could come to is his physical condition as best I could ascertain it at the time I saw him."

We believe that the testimony of Dr. Funk is sufficient to create an issue for determination by the board as to whether or not the claimant was totally incapacitated for work. The fact that a physician who had not seen a patient previously so that he could not *give an opinion as to change in condition* does *not* mean that he cannot testify to facts or opinions concerning the employee's condition which would tend to or show a change in condition, or show that there had been no change in condition.