39823. FEDERAL INSURANCE COMPANY et al. v. SPOONER.

DECIDED NOVEMBER 28, 1962—REHEARING DENIED DECEMBER 18, 1962.

*Bruce W. Kirbo*, for plaintiffs in error.
*Conger & Conger, Leonard H. Conger*, contra.

FRANKUM, Judge. 1. The first question for consideration is whether the evidence authorized the award. The employer and insurer rely upon cases exemplified by *Phinese v. Ocean Acc. &c. Corp.*, 81 Ga. App. 394 (58 SE2d 921), and *Travelers Ins. Co. v. Boyer*, 102 Ga. App. 248 (116 SE2d 6), to support the contention that the award finding a change in condition was not authorized inasmuch as the only physician who testified at the hearing had not examined the claimant prior to, or at the time of the prior hearings. Where the sole evidence tending to show

a change in condition is the testimony of a physician who had not previously examined the claimant, the burden of showing such change in the claimant's condition is not carried, and in such instances the above cited cases are applicable. However, as pointed out by Judge Quillian, now Justice Quillian, in the case of *American Mut. Liab. Ins. Co. v. Grimes*, 100 Ga. App. 51 (109 SE2d 837), such cases are not applicable where there is other competent evidence of a change in the claimant's condition. In that case and in the case sub judice the claimant testified as to a change in his condition. He testified not only that his condition was worse than at the time of the prior hearing, but related to the hearing director how and in what manner his condition had worsened. The evidence authorized the finding that claimant's condition was then worse than it had been at any time since the injury (a change), and that he had become totally incapacitated to labor, and under the decision in the case of *Employers Liab. Assur. Corp. v. Hollifield*, 93 Ga. App. 51 (90 SE2d 681), the award based upon total incapacity to labor was authorized.

2. The sole remaining question is whether the award of "necessary medical and doctors' bills" was in violation of the Workmen's Compensation Act, as amended. This part of the award reads as follows: "The employer and-or insurer is further authorized and directed to pay all reasonable and necessary medical and doctors' bills, but not in excess of the statutory limit of $1500.00, the employer and-or insurer taking credit for all compensation paid under said order of August 22, 1957, and the award dated November 25, 1958, and for all medical, hospital and doctors' bills previously paid, if any." The employer and insurer contend that such portion of the award is in conflict with the first paragraph of *Code Ann.* § 114-501, which is as follows: "Medical, surgical, hospital, and other treatment in amount not to exceed $1,125, including medical and surgical supplies as may reasonably be required, for the period not exceeding 10 weeks from date of injury to effect a cure or give relief and for such additional time, *and for such additional amount not exceeding $375 additional,* as in the judgment of the Board will tend to lessen the period of disability, and in addi-

tion thereto such original artificial members as may be reasonably necessary at the end of the healing period shall be provided by the employer. In case of a controversy arising between the employer and the employee relative to the continuance of medical, surgical, hospital, or other treatment, the State Board of Workmen's Compensation may order such further treatments as may in the discretion of the Board be necessary, *within the limits of time and amount as set forth above.*" (Emphasis ours.)

In *U. S. Fidelity &c. Co. v. O'Byrne*, 61 Ga. App. 806, 807 (7 SE2d 689), it was held that the board could order payment of medical expenses incurred after the first 10 weeks. At that time the above paragraph of the Code did not include the italicized portions thereof. In 1949 (Ga. L. 1949, pp. 1357, 1359), the italicized portions were added, and in 1955 the amount that might be awarded for "medical, surgical, hospital and other treatment" was increased to the figures shown (Ga. L. 1955, pp. 210, 216). The addition of the italicized portions of the Code section did not have the effect of curtailing the authority of the board. When such original section, as construed by this court, is considered with the amendment, the board has the authority in those cases where the disability continues for more than 10 weeks to order the employer or his insurance carrier to pay the expenses of "medical, surgical, hospital and other treatment" incurred by the employee as a result of accidental injuries to his person which arose out of and in the course of his employment up to the amount of $1,500. In those cases of less than 10 weeks duration, the maximum "medical expenses" allowable is $1,125. This being a case involving a disability extending more than 10 weeks, this part of the award was not error.

The superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*