### 40846. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. DUTTON.

JORDAN, Judge. This is a workmen's compensation case. The claimant was injured in the course of his employment with the Rust Engineering Company on June 12, 1962. On October 4, 1962, an agreement to pay compensation was entered into by the parties and was filed with the State Board of Workmen's Compensation on October 12, 1962. This agreement provided for the payment of compensation at the rate of $30 per week "at once . . . payable from and including the 25th day of June month 1962." No action was taken by the board on this agreement until May 29, 1963, when a clerk in that office checked the agreement form (Board Form 16) for correctness of claimant, employer, date and amount. This clerk determined that compensation should have commenced on June 29, 1962, instead of June 25, 1962. The clerk then returned the agreement to the insurer, Hartford Accident & Indemnity Company, together with a form (Board Form 27) stating the particular in which correction was needed. This Form 27 and agreement were received by the insurer on May 31, 1963. The insurer took no steps, however, to correct the agreement form and return it, and on September 9, 1963, the board sent a second Form 27 to the insurer, again requesting that the agreement be corrected and returned. This form contained the notation from the board: "We wrote to you on 5-29-63 requesting that the above set out forms be forwarded to us and as of this date we have not received the requested forms or an explanation as to why they are unavailable. We ask your cooperation in furnishing the requested information so that it will not be necessary to assess penalties as set out in Code Section 114-716." The insurer did not respond to this request.

On November 7, 1963, the insurer wrote the following letter to the claimant: "In checking our file we find the State Board of

Workmen's Compensation did not approve the first agreement forms submitted to them on October 4, but in fact returned them to us on May 29, 1963. Under the law in this State, unless you requested a hearing within twelve months from the date of the accident, the Statute of Limitations ran. Inasmuch as the State Board did not approve the original agreement form submitted to them, the Statute of Limitations has run in your case and we must respectfully advise you of no further compensation or medical can be paid."

This was the first and only notice which the claimant was given of any discrepancy in the compensation agreement executed by him on October 4, 1962, and from that date forward, he had received his compensation payment on schedule without interruption. Immediately after receiving the letter of November 7, 1963, the claimant filed his application for hearing with the board.

The employer and its insurer at the hearing before a deputy director entered a plea that the claim was barred by the one-year statute of limitation. The hearing director rejected this plea and entered an award of compensation for the claimant. This award was affirmed on appeal to the Superior Court of Fulton County. The exception is to that judgment, the sole question for determination being the issue of whether the claim was barred by the statute of limitation. *Held:*

The contention that the employee's claim was barred by the one-year statute of limitation is utterly without merit. Under the decision of this court in *Southern Cotton Oil Co. v. McLain*, 49 Ga. App. 177(1) (174 SE 726), the submission to the board of the compensation agreement of October 4, 1962, which agreement was received by the board on October 9, 1962, was as a matter of law equivalent to the filing of a formal claim on the part of the employee. See *Old Colony Ins. Co. v. Bennett*, 108 Ga. App. 499 (133 SE2d 415). As held in *McLain*, supra, the board in returning the agreement to the insurer for the purposes of correction and resubmission, did not judicially determine the rights of the claimant by an approval or rejection of the agreement, but retained jurisdiction of the matter waiting further action by the parties. Thus it was clearly within the jurisdiction of the board to entertain the claimant's request for hearing irrespective of the fact that the request for such hearing was made more than 12 months after the occurrence of the accident, the

compensation agreement of October 4, 1962, having been filed within the allowable time. The superior court did not err in affirming the award.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 22, 1964—REHEARING DENIED OCTOBER 5, 1964.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for plaintiff in error.

*Wilson, Branch, Barwick & Vandiver, Thomas S. Bentley, Alexander E. Wilson, III,* contra.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

