### 42837. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. DUTTON.

JORDAN, Presiding Judge. This workmen's compensation case was here previously on another issue. See *Hartford Acc. &c. Co. v. Dutton,* 110 Ga. App. 398 (138 SE2d 733). Subsequently the insurer and employer sought and obtained an award reducing compensation based on a change in condition, and the claimant appealed to the superior court. The insurer and employer now appeal from the order of the court reversing that award. *Held:*

The judge of the superior court properly reversed the award of the State Board of Workmen's Compensation in this case as not supported by the evidence, where the record discloses that the only evidence adduced at the hearing and considered by the board, in determining a change of condition for the better and awarding reduced compensation, is the deposition of a physician who made a single examination of the claimant before the hearing, and admitted that he had no knowledge of whether there was a change in condition subsequent to the accident for better or worse, and based his opinion of the extent of the present disability solely on his examination and the history of the case as furnished by the claimant.

Conceding that such evidence is of probative value as to the condition of the claimant at the time of examination and that the board was under a duty to consider the evidence

in this aspect, it does not support a finding of a change in condition in the absence of any evidence or admitted facts before the board to afford a basis for comparison between the condition of the claimant on which the original award was made, and any changed condition which would warrant a change in the award. *Phinese v. Ocean Acc. &c. Corp.,* 81 Ga. App. 394 (58 SE2d 921); *Travelers Ins. Co. v. Boyer,* 102 Ga. App. 248 (116 SE2d 6).

The superior court and this court on appeal are without authority to consider the deposition of another physician included in the record, which was not offered at the hearing and which was not considered by the hearing officer or the full board, even though it may afford some basis for comparison with the evidence actually adduced to show a change of condition. See *Code* § 114-710.

This case is distinguishable from such cases as *Federal Ins. Co. v. Spooner,* 107 Ga. App. 175 (129 SE2d 214), where there is testimony by the claimant showing a change in condition to support the award, and *Waters v. National Biscuit Co.,* 113 Ga. App. 170 (147 SE2d 676), in which it is pointed out that the rule in *Phinese* does not apply where, as in that case, there is evidence before the board affording a basis for comparison, or even where from a single examination it is medically feasible to diagnose a change.

It being apparent in this case that the board did consider the medical testimony, although standing alone it has no probative value to show any change in condition, the case is also distinguishable from such cases as *Wilson v. Swift & Co.,* 68 Ga. App. 701 (23 SE2d 261); and *American Mut. Liab. Ins. Co. v. Grimes,* 100 Ga. App. 51 (109 SE2d 837), which involved the application of an erroneous legal theory, i.e., the arbitrary rejection of and refusal to consider certain medical testimony. In the latter case, a whole court case, the dissenting members of the court implicitly agreed in principle with the majority, but dissented on the basis that the record did not disclose a failure to consider or an arbitrary disregard of the testimony.

*Judgment affirmed. Deen, J., concurs. Quillian, J., concurs specially.*

Submitted June 7, 1967—Decided September 27, 1967—Rehearing denied October 24, 1967.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for appellants.

*Vandiver, Barwick & Bentley, Thomas S. Bentley, John E. Talmadge,* for appellee.

QUILLIAN, Judge, concurring specially. Under what was held in *Phinese v. Ocean Acc. &c. Corp.,* 81 Ga. App. 394 (58 SE2d 921) and *Fletcher v. Aetna Cas. &c. Co.,* 95 Ga. App. 23 (96 SE2d 650), I am constrained to concur in the majority opinion. However, it is my opinion that the *Phinese* and *Fletcher* cases were decided on the erroneous theory that there were not sufficient facts before the board from which it could determine that the claimant had undergone a change in condition. In the *Phinese* and *Fletcher* cases, as in the case sub judice, there was an award (or an approved agreement which became an award) stating that the claimant on a particular date had a certain percentage loss of use of a specific member. Such award was as a matter of law conclusive as to the extent of loss of use on that date. *Travelers Ins. Co. v. Hammond,* 90 Ga. App. 595 (2) (83 SE2d 576). This was a fact which the board should be authorized to consider when deciding the issue of whether the claimant's condition has changed.