43452. CHATTAHOOCHEE CAMP SCHOOL et al. v. COLE.

SUBMITTED FEBRUARY 6, 1968—DECIDED MARCH 15, 1968— REHEARING DENIED MARCH 28, 1968.

506

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellants.

*James O. Goggins,* for appellee.

BELL, Presiding Judge. ■ The depositions of Dr. Eubanks and Dr. Addison, who examined claimant prior to the first hearing, were introduced in evidence on both hearings. These witnesses testified that claimant, who had sustained fractures of transverse processes of the spine, had sufficiently recovered to return to work prior to application for the first hearing. But the testimony of Dr. Davie and Dr. Williams, which was introduced at the second hearing, indicated total incapacity and showed that claimant was suffering from a herniated intervertebral disk when the latter witnesses examined claimant after the first hearing. Dr. Williams testified that herniation of the disk could have occurred long after the initial injury. Thus Dr. Williams and Dr. Davie did not denote a mere change in diagnosis precluding actual change in claimant's physical condition. Cf. *Miller v. Hartford Acc. &c. Co.,* 86 Ga. App. 503 (71 SE2d 782); *Employers Mut. Liab. Ins. Co. v. Sheets,* 105 Ga. App. 734 (125 SE2d 569). The testimony of Dr. Williams, taken in connection with the testimony of claimant, Dr. Eubanks and Dr. Addison, hypothetically showed that a change in condition occurred after the first hearing and that the incapacity present at the second hearing was due to the compensable injury.

The employer contends that the testimony of physicians who had not examined claimant at the time of the previous hearing

was not sufficient to prove a change in condition. See *Phinese v. Ocean Acc. &c. Corp.,* 81 Ga. App. 394 (58 SE2d 921). Accord, *Fletcher v. Aetna Cas. &c. Co.,* 95 Ga. App. 23, 24 (96 SE2d 650); *Travelers Ins. Co. v. Boyer,* 102 Ga. App. 248, 250 (116 SE2d 6). But the rule stated in *Phinese* does not apply where the board has before it evidence furnishing a basis for comparison of claimant's condition before and after the alleged change took place. *Hartford Acc. &c. Co. v. Dutton,* 116 Ga. App. 535, 536 (158 SE2d 272). *"Phinese . . .* does not mean that the physicians' testimony based upon examination at the time of subsequent hearing is insufficient to prove the subsequent condition independently of other evidence. It is proof of the claimant's condition at the time of the subsequent hearing. . . And where the previous condition is shown by other competent evidence proving a different condition, the board is authorized to find that a change has taken place." *Waters v. National Biscuit Co.,* 113 Ga. App. 170, 175 (147 SE2d 676). See also *American Mut. &c. Ins. Co. v. Grimes,* 100 Ga. App. 51, 52 (109 SE2d 837); *Federal Ins. Co. v. Spooner,* 107 Ga. App. 175, 176 (129 SE2d 214).

Where a change for the worse in claimant's physical condition was shown by competent evidence, the new award was authorized notwithstanding that claimant testified his condition was worse at the second hearing but that he was totally incapacitated at the time of both hearings. *U. S. Fidelity &c. Co. v. Wilson,* 103 Ga. App. 674, 675 (120 SE2d 198); *Magnus Metals Division v. Stephens,* 111 Ga. App. 448, 450 (142 SE2d 123).

▪ The award of the board stated: "We find as a matter of fact that the claimant in this case has clearly shown a change in condition. . . He had an accidental injury when the horse he was riding got into a yellow jacket nest and threw him off, and it is certainly more reasonable to believe that his disability is a result of his injury than any of the other facts shown. . . This claimant has been totally disabled and is still totally disabled to work."

"Legal precision and nicety in the report should not be insisted upon," and if the report is subject to two constructions, one which would render the award invalid and one which would with

equal reason render it valid, it "should be construed, after judgment, to be that which will make the judgment valid." *Southeastern Exp. Co. v. Edmondson*, 30 Ga. App. 697, 700, 703 (119 SE 39) ; *Maryland Cas. Corp. v. Mitchell*, 83 Ga. App. 99, 101 (62 SE2d 415). Moreover, it is not necessary to recommit a case to the board because of its failure to make findings of fact on issues as to which the facts disclosed by the record are undisputed. *Employers Liab. Assur. Corp. v. Montgomery*, 45 Ga. App. 634 (2) (165 SE 903) ; *McDaniel v. Employers Mut. Liab. Ins. Co.*, 104 Ga. App. 340, 341 (121 SE2d 801). We construe the finding that "it is certainly more reasonable to believe" as a finding in accordance with the more reasonable alternative. The finding that "claimant has been totally disabled" is construed to mean subsequently to the first hearing rather than from the date of injury. There was no substantial issue as to the precise nature of the change in condition, if any. We think the findings of the board sufficiently complied with the Act (*Code* § 114-707). See generally, *Lee v. General Acc. Group*, 112 Ga. App. 197, 198-200 (144 SE2d 457).

The superior court did not err in affirming the award granting compensation.

> *Judgment affirmed. Hall and Quillian, JJ., concur.*