44267.  SINCLAIR OIL CORPORATION v. HENDRIX.

ARGUED FEBRUARY 5, 1969—DECIDED JUNE 10, 1969.

*Horace E. Campbell, Jr., Dewey H. Prince,* for appellant.

*Albert P. Feldman,* for appellee.

JORDAN, Presiding Judge. ■ The motion to dismiss the appeal to this court is without merit.

■ There being some evidence to support the determination of the board to the effect that the condition of the claimant had improved to the extent that she was no longer entitled to compensation, the action of the superior court on appeal in reversing the award of the board is unauthorized. See *Code* § 114-710.

While the deputy director did find "further upon observation of claimant at the hearing, there was no noticeable restriction on her movements" which, although a permissible inference to this trior of fact, is considered hearsay without probative value for the board, as the second trior of fact, under the ruling in *Reliance Ins. Co. v. Oliver,* 117 Ga. App. 466, 469 (160 SE2d 615), this factor alone, even though the board adopted the findings of the deputy director and apparently heard no additional evidence, would not vitiate the action of the board if there is other evidence to support the action of the board. See *General Acc. Fire &c. Corp. v. Teal,* 100 Ga. App. 314 (2) (111 SE2d 113).

Being aware of the original disabling injury from the history given by the claimant, the deposition of a physician who examined her on March 18, 1965, discloses that he found "no evidence of any impairment of function, mechanically or neurologically" although at that time the claimant was complaining of pain in the hip and leg. He was of the opinion that she was not then suffering from any physical disability which would prevent her from performing work as a bookkeeping machine operator.

A clinical psychologist, relying on her history as furnished to him, including the fact of the fall in January, 1965, and her allegations of continuous and extreme pain following an injection while hospitalized, and visits to numerous physicians (approximately ten) who gave her no indication of the cause of the pain, and a series of psychological oral and written tests which he administered to her, was of the opinion that she was suffering

from a personality disorder pre-existing her injury in January of 1965, that this event may have precipitated "a hysterical conversion reaction in which a person takes an event and uses it subconsciously for a purpose," and that she was not malingering. He affirmed a statement in his report to the effect that the fact that her claim was unsettled was itself an anxiety-producing situation which only serves to increase her symptoms of pain.

The claimant herself related a history of visits to numerous physicians who failed to inform her of the cause of her pain, and the absence of any medication since April of 1966 except Bufferin, self-administered daily, and she insisted that she continued to suffer pain in her hip and leg, and in her opinion she was unable, because of the pain, to return to her job as a bookkeeping machine operator.

We think that from a consideration of all this evidence the board was authorized to conclude that as of the date the employer requested a hearing the claimant's condition had improved and changed to the extent that although she suffered pain for some reason which might be attributable to the injury or events during treatment for the injury, this pain, despite her opinion that it would prevent her return to work, was not of a disabling nature so as to prevent her from performing her duties as a bookkeeping machine operator.

Here, unlike the situation in *Phinese v. Ocean Acc. &c. Corp.*, 81 Ga. App. 394 (58 SE2d 921) and *Hartford Acc. &c. Co. v. Dutton*, 116 Ga. App. 535 (158 SE2d 272), the record clearly discloses that the expert witnesses testified with a knowledge of the history of the facts supporting the adjudication of disability, and used this knowledge as a basis of comparison in forming an opinion of her condition at the time of examination, and likewise that the deputy director and the board had a similar basis for comparison in arriving at a determination of her present condition as disclosing a change in condition. See *Federal Ins. Co. v. Spooner*, 107 Ga. App. 175 (1) (129 SE2d 214); *Waters v. Nat. Biscuit Co.*, 113 Ga. App. 170 (147 SE2d 676).

*Judgment reversed. Hall and Whitman, JJ., concur.*