## 44649. GATRELL v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al.

WHITMAN, Judge. In this case a Deputy Director of the Board of Workmen's Compensation, after setting forth the evidence presented and after setting forth "findings of fact" based on such evidence, entered an "award" directing that the

claimant be paid compensation in a certain amount. The claimant's employer and the employer's insurance carrier appealed to the full board, which entered the following order: "After hearing argument and after careful consideration of the entire record, the majority of the full board is of the opinion that the award of the Deputy Director should be amended by adding the following findings of fact to page three as the second paragraph of the award of the Deputy Director: We further find as a matter of fact that the employer had notice of an accident which produced an injury although it was not aware of the evident nature of the injury. We therefore find that the employee was excused from giving any further notice of the injury than that which he had previously given since the employer was not prejudiced thereby. The remainder of the award of the Deputy Director dated October 21, 1968, is hereby made the award of the full board. . ."

The employer and its insurance carrier appealed to the superior court. The superior court entered the following order: "The court is of opinion that the award of the full board is not accompanied by a statement of its findings of fact, as required by law. It is therefore ordered that said award of the full board be set aside, and the case remanded to the full board in order that it may state its findings of fact, and other matters pertinent to the issue, and make and enter its award based thereon. . ."

The claimant has appealed to this court from the order of the superior court and enumerates the same as error. *Held:*

1. The law is clear that if the Board of Workmen's Compensation enters an award without making the "findings of fact" upon which the award rests, the superior court must return the case to the board with directions to do so; it is error not to do so. *Noles v. Aragon Mills,* 110 Ga. App. 374, 375 (138 SE2d 598), and cit.; *Dudley v. Sears, Roebuck & Co.,* 111 Ga. App. 214 (141 SE2d 179); *Hodges v. Fidelity & Cas. Co.,* 105 Ga. App. 273 (124 SE2d 435); *Code* § 114-707. However, in a case where there is no "findings of fact" but the facts as disclosed by the record are not in dispute, it is not necessary to return the case to the board simply to have it perform what would be an act of transcription. *Employers Liab. Assurance Corp. v. Montgomery,* 45 Ga. App. 634 (2) (165 SE 903); *McDaniel v. Employers Mut. Liab. Ins. Co.,* 104 Ga. App. 340, 341 (121 SE2d 801).

An appeal to the full board from the action of a deputy director invokes a de novo proceeding in the matter which must result in the full board's *own* findings of fact and award. If on appeal the parties introduce no additional evidence, the full board may, based on the evidence heard by the deputy director adopt the deputy director's findings of fact as its own or it may make additional findings or independent and different findings. It may do likewise with regard to the award. See *Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (1) (99 SE2d 89).

2. The claimant, appellant, contends that it was error for the lower court to give the full board's order a narrow construction which would defeat it when it could with equal reason be given a construction which would uphold it; that it was error to give the order an unnatural meaning contrary to the "internal evidence" contained in the order.

The appeal to the lower court has not yet been considered on its merits so the claimant's contention that his award of compensation has been defeated is without merit. It has, at this point, in time, been neither defeated nor upheld. The lower court, having proper regard for the distinction which exists in workmen's compensation law between the terms "findings of fact" and "award," regarded the full board's order as adopting only the "award" of the deputy director, and that the case had therefore not reached it in such form that a consideration of the appeal could proceed. The order of remand was appealable to this court only for the reasons set forth in *General Motors Corp. v. Martin,* 119 Ga. App. 279 (1) (167 SE2d 211).

Since it is easily within the power and ability of the Board of Workmen's Compensation to be explicit as to what its *own* findings of fact are or what it so adopts (which is an exclusive function of that agency), and by being explicit to obviate any necessity of having to discover its findings by making assumptions or by having to resort to any construction or interpretation of its orders, it is not error, nor is it harmful to either party, to remand when any uncertainty exists.

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED FEBRUARY 17, 1970—

REHEARING DENIED MARCH 24, 1970—

*George & George, William V. George,* for appellant.
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellees.