25867. GATRELL v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al.

SUBMITTED JULY 14, 1970—DECIDED SEPTEMBER 10; 1970— REHEARIING DENIED SEPTEMBER 24, 1970.

*George & George, William V. George,* for appellant.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellees.

MOBLEY, Presiding Justice. This court granted certiorari to review the decision of the Court of Appeals in *Gatrell v. Employers Mut. Liab. Ins. Co.*, 121 Ga. App. 467 (174 SE2d 237). The judgment in that case affirmed the judgment of the superior court, which held that an award of the State Board of Workmen's Compensation was not accompanied by a statement of its findings of fact as required by law, and remanded the case to the board for "findings of fact and other matters pertinent to the issue," and an award based thereon. The applicant for certiorari, the claimant in the case, contends that the trial court and the Court of Appeals, erred in holding that no sufficient findings of fact were made by the board.

The matter was heard originally by a deputy director, who made findings of fact and an award, as provided by *Code* § 114-707. The employer and the insurance carrier filed an appeal to the full board.

The notice of award by a majority of the full board stated: "After hearing argument and after careful consideration of the entire record the majority of the full board is of the opinion that the award of the deputy director should be amended by adding the following findings of fact to page three as the second paragraph of the award of the deputy director: We further find as a matter of fact that the employer had notice of an accident which produced an injury although it was not aware of the evident nature of the injury. We therefore find that the employee was excused from giving any further notice of the injury than that which he had previously given since the employer was not prejudiced thereby. The remainder of the award of the deputy director dated October 21, 1968, is hereby made the award of the full board."

When the appeal was made to the full board, the board had a discretion as to whether it would hear additional testimony or pass anew upon the evidence introduced before the Deputy Director. *Young v. American Ins. Co.*, 110 Ga. App. 269 (1) (138 SE2d 385). There is no indication from the record that the parties introduced additional evidence at the hearing before the full board. The hearing before the full board is a de novo proceeding, and the board is required to make findings of fact on

which to base its decision. It could either adopt the deputy director's findings of fact as its own findings, or make independent and different findings of fact from the evidence heard by the deputy director. *Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (1) (99 SE2d 89); *American Casualty Co. v. Wilson,* 99 Ga. App. 219 (1) (108 SE2d 137); *E. Z. Shop Curb Service Shop v. Pearce,* 100 Ga. App. 785 (2) (112 SE2d 412).

The Court of Appeals has previously held that the findings of fact in the report of the Board of Workmen's Compensation are filed in order that the losing party may intelligently prepare his appeal, that "legal precision and nicety in the report should not be insisted upon," and if the report is subject to two constructions, one of which would render the award invalid, and one of which would with equal reason render it valid, it "should be construed, after judgment, to be that which will make the judgment valid." *Southeastern Exp. Co. v. Edmondson,* 30 Ga. App. 697, 700, 703 (119 SE 39); *Maryland Cas. Corp. v. Mitchell,* 83 Ga. App. 99, 101 (62 SE2d 415); *Pacific Employers Ins. Co. v. West,* 97 Ga. App. 392, 396 (103 SE2d 130); *Lee v. General Accident Group,* 112 Ga. App. 197, 199 (144 SE2d 457); *Chattahoochee Camp School v. Cole,* 117 Ga. App. 505, 507 (161 SE2d 78).

The report of the board in the present case did not precisely state that the findings of fact of the Deputy Director were adopted. It added a paragraph to the findings of fact of the deputy director and stated that the "remainder of the award" is made the award of the full board. The only reasonable construction of this report is that the findings of fact of the deputy director were adopted, after amendment by the paragraph set out in the report. It was error for the trial judge to remand the case for findings of fact, and the Court of Appeals erred in affirming that judgment.

*Judgment reversed. All the Justices concur.*