### 10838.  PIDCOCK *v.* WEST.

1. The court did not err in refusing to give to the jury certain requested instructions as to the burden of proof, as the charge given covered substantially the principle embraced in the request.
2. There is nothing in the record or in the amount of the verdict to indicate that the verdict was the result of prejudice or bias on the part of the jury.
3. For no reason assigned did the court err in permitting the plaintiff "to make physical demonstration of her alleged injury."
4. The court did not err in admitting in evidence the "Carlisle Mortality Table," over the objections that it was irrelevant, that there was no allegation or proof of permanent injury to the plaintiff, or of reduced earning capacity, and no proof of the value of her services.
5. None of the objections urged as to the excerpt from the charge of the court in reference to compensation for future pain and suffering are good.
6. There is evidence to support the verdict.

DECIDED MARCH 2, 1920.

Action for damages; from Colquitt superior court—Judge Thomas. July 29, 1919.

Application for certiorari was denied by the Supreme Court.

*W. F. Way,* for plaintiff in error.

*James Humphreys, Parker & Gibson,* contra.

BLOODWORTH, J.  This suit is based upon injuries received by the plaintiff in an automobile collision, in which the car of defendant ran into the car in which the plaintiff was riding. A verdict of $1,500 in favor of plaintiff was returned, and the defendant excepted.

1.  The court did not err in failing to give to the jury a requested instruction as follows: "I charge you as a matter of law that there is no presumption of negligence against the defendant, and consequently the burden is on the plaintiff not only to prove injury as alleged, but to prove that the defendant was guilty of some one or more acts of negligence set forth in the petition, and that such negligence of the defendant was the proxi-

50

mate cause of the injury received by the plaintiff." The court did charge: "The burden is upon the plaintiff to establish her case. The plaintiff must recover, if at all, by proving to your satisfaction by a preponderance of the testimony that the defendant was negligent in one or more of the ways in which plaintiff alleges in her petition that the defendant was negligent. She cannot recover for any other or different acts of negligence than those alleged in her petition, and it must appear further that in consequence of this negligence she was injured." The charge given covered substantially the principle embraced in the request.

2. Complaint is made that the verdict "was so grossly excessive as to conclusively suggest bias and prejudice in favor of the plaintiff." To this contention we cannot assent. The record contains no proof of prejudice or bias, and the amount of the damages awarded would not justify such a conclusion. Plaintiff was in the car belonging to Mr. West. She swore: "My left arm was knocked out of place and my hand all mashed, and a place cut in my arm on the under side. My wrist-joint was dislocated, and a bone in my hand was broken or crushed. The gash was cut across my wrist. I came on to town with my son in his car, and got Dr. Harrell to give me medical assistance. He put my arm in a brace and bandaged it from my elbow to my fingers. I wore my arm in those splints a little over five weeks. For three months my suffering was intense. Of course it was not so bad all the time, but for four or five weeks, though, it was pretty intense. The suffering has not entirely disappeared, and at times I suffer a great deal, and have had but little use of my arm since. I have not entirely recovered the use of my left hand. It is very tender to work in any way. . . As a result from the injury I can not do my sewing. I can sweep just a little. I have to do the sweeping with my right hand. If there is much weight to the cooking utensils, I cannot handle them with my left hand. If I do I drop them." The physician who attended Mrs. West swore: "I found the wrist dislocated, cut across here [the doctor indicating]; do not remember which pressure, a gash about two inches long, and her arm was bruised, and the arm up here was bruised pretty well. I could not detect at that time that there were any broken bones. The wrist was dislocated and some of the bones were out of place, and after that

I decided that there must have been some of those little bones broken. Now I am not an X-ray, but my opinion is that they are. I made an examination of the wrist about a week ago and thought that I could detect one little bone that was broken or bruised. No, sir, the injury has not entirely recovered. In my opinion as a physician the injury is permanent. I cannot say to what extent it will disable her from the use of her left hand. I am a practicing physician and have been for about twenty years. During that twenty years I have had ordinary experience of practicing medicine and treating wounds of this nature. Based upon that experience my opinion is that this injury is permanent." Under this evidence we cannot say that the verdict is so large as to "shock the moral sense." See *Realty Bond & Mortgage Co.* v. *Harley,* 19 *Ga. App.* 186 (2), 187 (91 S. E. 254), and cit.; *Atkinson* v. *Taylor,* 13 *Ga. App.* 100 (1) (78 S. E. 830),

3. For no reason assigned did the court err in permitting "the plaintiff to make physical demonstration of her alleged injury," or in making the same in the manner in which it was made. See Civil Code (1910), § 4644 (4); *Richmond & Danville R. Co.* v. *Childress,* 82 *Ga.* 719 (9 S. E. 602, 3 L. R. A. 808, 14 Am. St. R. 189). In this connection see also *Macon & Birmingham Ry. Co.* v. *Ross,* 133 *Ga.* 83 (1) (65 S. E. 146), and cit.; *Temples* v. *Central Ry. Co.,* 19 *Ga. App.* 308 (5), 313 (91 S. E. 502), and cit.

4. It is alleged that the court erred in admitting the "Carlisle Mortality Table," over the objections that in the absence of an allegation and proof of reduced earning capacity, and of a permanent injury, it was not admissible; that "it was immaterial and irrelevant;" that "plaintiff had not charged her injury to be permanent;" and that "there was no proof of the value of her services." As against these objections the court properly admitted the mortality table in evidence. In *Powell* v. *Augusta and Summerville R. Co.,* 77 *Ga.* 200 (3 S. E. 759), Chief Justice Bleckley said: "Where there is evidence tending to show that that state of impaired health and diminished ability to labor attributable to the injury may endure through life, the mortuary tables are admissible in evidence to aid the jury in dealing with the element of time involved in their computation of the damages. There was such evidence in this case, and the tables were, there-

fore, relevant. One who is to live long in pain is more damaged
than one who has to endure suffering but for a brief term. Test
this by applying it to two cases and contrasting them, the first in
which pain is to last only for a day, and the second for twenty
years. It may be thought that the loss of ability to labor is not
pain, but this is a mistake. There is no greater blessing of life
than ability to labor, even though the proceeds may belong to
another. It is better for happiness, as well as for virtue, to work
for nothing than to be idle. A physical injury that destroys the
power of a human being to labor is one of the most serious in-
juries that is possible to inflict. True, it is not to be measured
by pecuniary earnings where the suit is by a married woman, for
such earnings, as a general rule, belong to the husband, and the
right of action for their loss is in him, but the wife herself has
such an interest in her working capacity as that she can recover
something for its destruction, and what she is to be allowed ought
to be more or less according to the length of time during which
her privation is likely to comtinue. Such privation may well be
classed with pain and suffering, especially where it involves the
breaking up of established habits. To man or woman accustomed
to work, enforced idleness is torture." The *Powell* case was a
suit for pain and suffering to the wife, and there was no claim for .
diminished earning capacity.

5. The following objections were urged as to the charge of
the court in reference to compensation for future pain and suffer-
ing: "Because the plaintiff had not alleged her injuries to be
permanent. Because there was no proof that her injuries were
permanent. Because there was no proof of the value of her services
or the extent to which the value of her services had been diminished
by reason of the alleged injury sustained. Because the annuity
tables according to the Carlisle Table of Mortality had not been
introduced or admitted in evidence, and therefore the following
portions of the charge, to wit, 'If you allow her an amount for
any future mental and physical pain and suffering, you must
reduce that amount to its present cash value at the rate of
seven per cent per annum,' left the jury without any basis upon
which to figure and ascertain what amount, figured at seven per
cent. per annum, would be the present cash value. Because the
introduction and use to [of?] the mortality table without the use

and introduction of the annuity tables is improper and illegal, and any charge based thereon improper." None of these objections are good. As shown in paragraph 2 of this opinion, the evidence supports the petition as to the injury being permanent. The court charged the jury that "The plaintiff sues and contends for damages for pain and suffering. The court instructs you further that pain and suffering is an element of damages which the law recognizes. If you believe, from the evidence in this case, that the plaintiff is entitled to recover of the defendant any sum on account of pain and suffering resulting from the injury alleged and as stated in the declaration, then the amount of such recovery would be and is left by the law to the enlightened consciences of impartial jurors. The court instructs you further that if you find that the plaintiff is entitled to recover, under the evidence and under the rules of law given you in charge, you would be authorized to find such amount in damages as would compensate her for the physical and mental pain which she has suffered as a direct and proximate result of the defendant's negligence, if you find that the defendant was negligent. This would be such compensation, however, as would be compensation without injustice to the defendant. If you find that she has suffered pain, mental and physical, up to the present time. If you find that her injury is such as will probably cause her future pain and suffering, mental and physical, you would be authorized to allow her compensation for such mental or physical pain and suffering. If you allow her an amount for any future mental and physical pain and suffering, you must reduce that amount to its present cash value, figured at the rate of seven per cent. per annum. The court instructs you further that certain tables have been introduced in evidence for your consideration, and these are called mortality tables. You may use them or you may not, and then it is left to you as to what use you will give them. The court instructs you further, the only material information you can derive from it is the time which an average person of equal age with the one under consideration in the present case may be expected to live." In *Ball* v. *Mabry,* 91 *Ga.* 782 (3) (18 S. E. 64), it was held: "In a proper case it is not error to charge that the plaintiff is entitled to recover for the pain and suffering he will probably endure in the future." In *Southern Ry. Co.* v. *Wright,* 6 *Ga. App.* 185 (64 S. E. 709), Judge Russell

said: "The instruction of the learned trial judge, that if the injuries are permanent there is no rule of law given by which you may estimate the damages in a case of this kind, save the enlightened conscience of impartial jurors, etc., evidences that the idea of diminished capacity to earn money was intended to be excluded from the consideration of the jury, and must have been so understood by it." That portion of the charge in this case in reference to the present cash value of future pain and suffering is not erroneous because the "annuity table" was not introduced in evidence. This table can be used with profit, and is frequently a great time saver in arriving at the present cash value, but is not essentially necessary.

6. The presiding judge approved the verdict found by the jury, there is evidence to support it, and this court will not disturb it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*