36303.   IDEAL MUTUAL INSURANCE COMPANY
*et al. v.* RAY.

Decided November 16, 1956—Rehearing denied December 6, 1956.

*Richard D. Carr, Smith, Field, Doremus & Ringel, Palmer H. Ansley,* for plaintiff in error.

*Stonewall H. Dyer,* contra.

GARDNER, P. J. " 'The Georgia Industrial Commission [the State Board of Workmen's Compensation] is not a court of gen-

eral jurisdiction, nor even of limited common-law jurisdiction, but it is an industrial commission [board] made so by express terms of the act of the legislature to administer its provisions as provided therein. As such administrative commission [board] it possesses only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted.' *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613 (2), 618 (123 S. E. 897)." *United States Casualty Co.* v. *Smith*, 42 *Ga. App.* 774 (1) (157 S. E. 351).

Whether or not the State Board of Workmen's Compensation has any such power as to enter conditional or temporary awards (see in this connection *Lumbermen's Mutual Casualty Co.* v. *Lattimore*, 165 *Ga.* 501, 141 S. E. 195; *Reese* v. *American Mutual Liability Ins. Co.*, 67 *Ga. App.* 420, 20 S. E. 2d 773) we wish to exclude from this discussion any such cases as involve such awards. We should likewise like to exclude from this discussion any such cases as involve the power of the State Board of Workmen's Compensation to hold hearings with regard to controversies between the parties where an agreement has been entered into by the parties and filed with the board.

When the present case was formerly before this court the judgment of the superior court was affirmed with the following direction: "The judgment of the superior court reversing the case must be affirmed, but the case should be remanded to the full board for the purpose of giving it the opportunity to set out its findings of fact; that is, either to adopt the findings of fact made by the single director . . . or to make independent findings, either of which will constitute a compliance with Code § 114-708 . . . [and] it is directed that, on the return of the case to the State Board of Workmen's Compensation, both parties be permitted if they desire to offer further evidence on these questions and other pertinent issues." *Ideal Mutual Insurance Co.* v. *Ray*, 92 *Ga. App.* 273, 276 (88 S. E. 2d 428).

We construe this direction by this court to mean that the full board is to enter up its findings of fact upon the evidence present in the record at that stage and to make its award thereon, or to take such additional evidence as may be offered by the parties and enter up its findings of fact and to make its award thereon.

We know of no power conferred by statute either upon this court or upon the State Board of Workmen's Compensation at such a stage in such a proceeding to refer the entire matter to a single director or two of the directors or three of the directors for a hearing de novo such that a dissatisfied party could within the seven days for which provision is made in Code § 114-708 appeal to the full board again for a review. Initially in a compensation proceeding the directors or any of them may hear the parties at issue in accordance with the provisions in Code § 114-707, and enter up an award, and such award may be reviewed in accordance with the provisions of Code § 114-708 by the full board if such review is requested by the dissatisfied party within seven days. This section of the Code provides: "All of the directors may remand to a single director any case before them for *review for the purpose of taking additional evidence;* said evidence shall be delivered *to all of the directors* and it shall be taken into account before rendering any decision or award in such case." (Emphasis by the court.) While the full board, under the direction given by this court, could have remanded the case to one of the directors for the purpose of taking additional evidence, it was encumbent upon the board sitting as a body to enter its findings of fact and make its award thereon. When this was done the only remedy left to a party dissatisfied with the award was to appeal to the superior court within the time limited by the provisions of Code § 114-710.

While within the framework of its jurisdiction, the board (and the appellate courts) is to construe the provisions of the Workmen's Compensation Act liberally, neither the board (nor the appellate courts) can by construction extend the jurisdiction of the board beyond the limits set by the statute. It has many times been decided by this court that the State Board of Workmen's Compensation has no authority to reopen a case after a finding of fact and award of the full board except upon change of condition of the claimant, fraud, or newly discovered evidence. No change of condition appears in this case. The decisions on these points are numerous, comprehensive, and all-inclusive. No newly discovered evidence was presented. No fraud was alleged. Therefore, none of these reasons for opening the case for review applied.

It is clear to us that Code § 114-708 is applicable only to a review by the full board of findings of fact and award of a single director. In *General Accident Fire &c. Assurance Corp.* v. *Rhodes,* 83 *Ga. App.* 837 (65 S. E. 2d 254) this court said: "An award made upon review by all of the directors of the State Board of Workmen's Compensation under Code § 114-708, affirming a previous award by one director upon issues of fact, is conclusive as to those issues if there is any evidence to sustain it." While we are aware that this particular decision (and many others like it), was slanted towards conclusiveness on review by an appellate court, it is our opinion that an award is conclusive likewise upon a purported review by the full board of a previous finding of fact and award by a full board. In *Jones* v. *American Mutual Liability Ins. Co.,* 48 *Ga. App.* 351 (172 S. E. 600) it is stated that where orders and judgment of the Industrial Commission (now the State Board of Workmen's Compensation) deny compensation to a claimant upon the merits, such award operates as res adjudicata as to further orders and judgments of the Industrial Commission. It follows that the doctrine of res adjudicata is applicable in the instant case, and the State Board of Workmen's Compensation had no legal right to reopen the case and make another finding of fact and award.

Before the rendition of the finding of facts and award of October 31, 1955, the following letter was written to the State Board of Workmen's Compensation:

"We have submitted to the board as additional testimony by way of depositions the depositions of the claimant, Clarence P. Ray, and his wife, Mrs. Clarence P. Ray, and Dr. Martin T. Myers on the part of the claimant.

"The testimony by way of depositions submitted to the board on behalf of the employer and insurance carrier are the depositions of Dr. J. C. Tanner.

"With this we agree that the testimony is closed and agree that the board shall make its award in said matter."

This letter was signed by Stonewall H. Dyer, attorney for the claimant, and Richard D. Carr, attorney for the employer and the insurance carrier.

One of the members of the Board of Workmen's Compensation died before the rendition of the award of December 29, 1955.

790

Therefore, that award was made by two members of the board. Such would not affect the validity of the finding of facts and award under Code § 114-703, which reads in part as follows: "Any two directors shall constitute a quorum for the transaction of any business or the rendition of any decision herein provided to be made by all of the directors." See also *Hayslip* v. *Liberty Mutual Ins. Co.*, 72 *Ga. App.* 509 (34 S. E. 2d 319).

*Judgment affirmed. Felton, C. J., Carlisle and Nichols, JJ., concur. Townsend and Quillian, JJ., dissent.*

TOWNSEND, J., dissenting. The sole question for determination in this case is whether after a workmen's compensation case has been reversed and remanded by the Court of Appeals, with direction leaving the way open for the board to hear new evidence, make new findings of fact, and enter a new award, the board should proceed as set out in Code § 114-707, with review as set out in § 114-708, or whether it proceeds only under § 114-708. The majority opinion holds to the latter view. While the question has never been specifically passed upon, physical precedents show that the board has in such instances followed the former procedure, as it did in this case and as was done in *Washington* v. *U. S. Fidelity &c. Co.*, 39 *Ga. App.* 481 (147 S. E. 533) ; s. c., 37 *Ga. App.* 140 (139 S. E. 359).

It appears to me that the procedure followed by the board is correct. A remand of a case to the board with directions to find new facts and enter a new award comes nearer, in my opinion, to fitting Code § 114-707 providing that "The directors or any of them shall hear the parties at issue . . . and shall determine the dispute in a summary manner" than it does to fitting the provisions of Code § 114-708 providing that "If an application for review is made to the Department of Industrial Relations within seven days from the date of notice of the award all the directors shall review the evidence . . . and shall make an award." Where the case is remanded by the appellate court, this is not the equivalent of "an application for review within 7 days" by the aggrieved party, and under its terms Code § 114-708 has application only where such application for review is made.

In my opinion when a compensation case is heard in the first instance either by a single director and reviewed by the full

board as was done in this case, or heard by the full board in the first instance and reviewed on application therefor, and thereafter is appealed from the review by the full board and reversed with direction that additional evidence may be taken and a finding of fact be based on such additional evidence if taken and the evidence already in the record, that the new award by the full board is de novo to the extent that it may be reviewed under Code § 114-708 by the full board on application of a dissatisfied party made within 7 days. Since that procedure was followed in this case I think the full board was acting within the scope of its authority and jurisdiction when it vacated the award of October 31 and substituted in lieu thereof the award of December 29.

Here the full board after reversal and remand with direction by this court entered an award in favor of the claimant for the sole reason, as stated therein, that it construed the opinion of the Court of Appeals as a directive so to do. This was an obvious misconstruction of the opinion of this court. Within 7 days from the entry of this award the application for review was made, and this was the first opportunity the complaining party had to have the award reviewed in accordance with Code § 114-708. Accordingly, I think the judgment of the superior court reversing the full board should be reversed.

I am authorized to say that Quillian, J., concurs in this dissent.