### 36539. DILL *v.* OCEAN ACCIDENT & GUARANTEE COMPANY *et al.*

CARLISLE, J. 1. " 'The Workmen's Compensation Act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court, if there is any competent evidence to support it. Code § 114-710; *Georgia Casualty Co.* v. *Martin*, 157 *Ga.* 909 (122 S. E. 881); *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *Bituminous Casualty Co.* v. *Jackson*, 68 *Ga. App.* 447 (23 S. E. 2d 191).' *Maryland Casualty Co.* v. *Hopkins,* 71 *Ga. App.* 175 (30 S. E. 2d 357)." *B. F. Goodrich Co.* v. *Arnold*, 88 *Ga. App.* 64 (76 S. E. 2d 20).

2. "Under the provisions of . . . [Code § 114-303] of the Workmen's Compensation Act . . . no compensation is payable on account of an injury unless notice of the accident is given to the employer, his agent, representative, foreman, or the immediate superior of the injured employee, either in writing or orally, within thirty days after the accident, or unless it can be shown that the employee had by reason of physical or mental incapacity, or by fraud or deceit, been prevented from doing so, or that the employer, his agent, representative, foreman or the immediate superior of the injured employee had knowledge of the accident, or unless a reasonable excuse is made, to the satisfaction of . . . [the State Board of Workmen's Compensation], for not giving such notice, and it is reasonably proved, to the satisfaction of . . . [the board], that the employer had not been prejudiced thereby. Whether or not the failure to give such notice comes within one of the exceptions set forth by the statute, so as to prevent such failure from operating as a bar to an award of compensation is a question of fact to be determined by . . . [the board]." *James* v. *Fite,* 38 *Ga. App.* 759 (145 S. E. 536).

3. Under an application of the foregoing principles of law to the facts of the present case, the superior court upon appeal did not err in affirming the award denying compensation. The claimant, who worked for the Griffin Foundry and Machine Company as a moulder, contended that he injured his back on July 29, 1955, while moulding certain meter boxes for his employer. The single director hearing the case and making the award was authorized to find that while the claimant men-

tioned this fact to a fellow employee on the date of the alleged accident, he did not report the injury to his foreman or superior until some time in November, and that his failure to give the requisite statutory notice does not come within any of the exceptions set forth by the statute so as to prevent such failure from operating as a bar to an award of compensation. *Judgment affirmed.* *Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 30, 1957.

*Maddox & Maddox,* for plaintiff in error.
*Smith, Field, Doremus & Ringel, Richard D. Carr, De Jongh Franklin,* contra.