36466. GODBEE *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED FEBRUARY 6, 1957.

*Frank A. Holden, Hugh G. Head, Jr.,* for plaintiff in error.

*Burt De Rieux, Marshall, Greene & Neely,* contra.

GARDNER, P. J. There is competent testimony to show that the injury to the arm was not a causative factor in relation to other disabilities of the claimant. When such evidence is adduced, this court is without authority to reverse the judgment of the superior court based on facts found, and award based on such facts, by the State Board of Workmen's Compensation.

The only case cited by counsel for the claimant is *Employers Liability Assurance Corp.* v. *Hollifield,* 93 *Ga. App.* 51 (90 S. E. 2d 681). That case involved a back injury—not a member (arm), as in the instant case. We have read the original record in that case as it appeared in the first instance in this court (*Hollifield* v. *Croft Chenille Co.,* 90 *Ga. App.* 594, 83 S. E. 2d 584), and as presented to this court in *Employers Liability Assurance Corp.* v. *Hollifield,* supra. We find the facts so dissimilar to the facts in the instant case that that decision shows no basis for a reversal of the instant case.

In *Travelers Ins. Co.* v. *Reid,* 178 *Ga.* 399 (173 S. E. 376) the Supreme Court held that a resulting injury to other parts of the body must be shown if other than compensation for injury to a member is to be awarded. No such injury is shown in the case at bar. In *Roddy* v. *Hartford Accident &c. Co.,* 65 *Ga. App.* 632, 635 (16 S. E. 2d 81) it is held that Code § 114-406 provides com-

pensation for the loss, or loss of use, of a member irrespective of the earning ability of the claimant after the injury is sustained, and ruled that a claimant is still entitled to compensation for the loss or injury to a member even though he is able to return to his regular job.

The Superior Court of Greene County did not err in affirming the finding of fact and award of the State Board of Workmen's Compensation.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*