36681. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* GORE.

DECIDED MAY 24, 1957—REHEARING DENIED JUNE 7, 1957.

*Burt De Rieux, Ferdinand Buckley, Marshall, Greene & Neely,* for plaintiffs in error.

*Henry N. Payton,* contra.

FELTON, C. J. It was not disputed that the claimant has a tremor of the upper right extremity which incapacitated her. The plaintiffs in error contend that the medical evidence demanded a finding that the claimant's tremor was volitional and was not connected with her accident. We do not so construe the medical evidence. Dr. Swift testified that the tremor was not caused by any physical or functional disorder related to the partial loss of the finger. He testified that the tremor was in nature either hysterical or volitional. If the tremor was hysterical then the claimant really thought she had the tremor and it presented a psychiatric problem. He further testified that if the tremor was hysterical in nature it could have been the cause of the trauma she suffered. On the other hand if the tremor was volitional in nature, then the claimant was "faking" and could stop the tremor any time she desired and, therefore, under such circumstances, the tremor would not be connected with her accident. Dr. Swift testified that in the course of his examination, the tremor ceased momentarily which was evidence that the tremor was volitional in nature. However, he further testified that during his examination he noticed a loss of sensation in the upper right extremity which was evidence that the tremor was hysterical rather than volitional in nature. Dr. Swift testified that the tremor presented a psychiatric question rather than a physical question and fell within a field which he "did not plow much any more." Dr. Swift did not conclude whether the tremor was volitional or hysterical in nature. In response to the question as to whether in his opinion the claimant's tremor was volitional or hysterical, Dr. Swift stated, "I would say that the volitional portion outweighs the hysterical. But I would like to say, I think it would be wise to have a psychiatric evaluation." He further stated, "But on my examination there was more volitional components than hysterical."

We think the only reasonable conclusion from the doctor's testimony is that the tremor could either be volitional in nature and disassociated with the claimant's accident or that it could be hysterical in nature and connected with the trauma suffered by the claimant. While Dr. Swift testified that from his examination the possibility of the tremor's being volitional in nature

outweighed the possibility of its being hysterical, he admitted that the only answer lay in the field of psychiatry and he would not attempt to evaluate that side of the question.

We think that the medical testimony is inconclusive and does not refute the claimant's contention that she did not have the tremor before the accident but that she has had it since the accident and could not stop it. The expert witness's testimony which the employer and insurance carrier contend disproves the case made by the claimant's evidence was so speculative and inconclusive of any fact, that it did not constitute competent proof upon which an award could be legally predicated.

The superior court was authorized to remand the case to the board for a finding as to the amount of compensation due the claimant because of the loss of use of the upper right extremity. That portion of his judgment which directed the board to have additional hearings and additional medical testimony, etc., would have been harmful only to the claimant, and the plaintiffs in error can not complain of that portion of his judgment. Since the claimant does not except to that portion of his judgment, we can not consider any questions in relation thereto.

The court did not err in entering the judgment complained of.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*