37076. INGRAHAM *v.* THE ATLANTIC COMPANY.

DECIDED MARCH 21, 1958.

*Smith, Swift, Currie & McGhee, Charles L. Weltner,* for plaintiff in error.
*A. Paul Cadenhead, Nall, Sterne, Miller, Cadenhead & Dennis,* contra.

CARLISLE, Judge. Sam Ingraham as the son and sole minor dependent of Calip Hawkins, deceased employee, filed a claim against the Atlantic Company for compensation on account of the death of Hawkins. On the hearing before a single director of the State Board of Workmen's Compensation, an award denying compensation was entered. On appeal to the full board, that body likewise denied compensation, and on appeal to the superior court, the award of the full board was affirmed. The exception here is to that judgment. The plaintiff in error contends in his assignments of error in the bill of exceptions that the evidence in the case demanded a finding by the board that the employee suffered an accidental injury which arose out of and in the course of his employment and from which he died on July 5, 1956; that there was not sufficient competent evidence in the record to support the award denying compensation; that the facts found by the full board do not support the award; that the award was arbitrary and without reason and was an abuse of the discretion of the full board and that it was based on incompetent evidence and that the board ignored competent testimony in rendering the award. It is contended that for all these reasons, the judgment of Fulton Superior Court affirming the award of the full board was erroneous.

When all of the contentions of the plaintiff in error set forth in his bill of exceptions and stated above are considered in connection with his brief and argument before this court, the question for our consideration is solely whether the evidence authorized the award. The basis for the plaintiff in error's position is the contention that the deceased suffered a paralytic stroke, or brain hemorrhage, while in the performance of his duties, and that this was induced by his exertion in the performance of his duties while on the job for the employer and that, thus, the death arose out of and in the course of the deceased's employment. It is conceded that at about 9:30 a.m. on July 5, 1956, the employee suffered some kind of attack or sickness while on the job which manifested itself by his complaining of being dizzy and nauseated, and that his supervisor was notified immediately; that he sat down or lay down for a while, and, still complaining, was taken home in one of the company trucks by a fellow employee; that he remained in bed at the rooming house where he lived the

rest of the day and was taken to the hospital around 5 or 6 o'clock in the afternoon where he died at about 10:45 that night; that while being taken home he vomited once or twice and vomited again several times during the afternoon; that when taken to the hospital he was aphasic but not comatose, and that he otherwise manifested symptoms of having suffered a brain hemorrhage. One of the doctors who testified on behalf of the employer was Dr. Guy Darrell Ayer, Jr., who it appears is a practicing pathologist, and under whose supervision an autopsy was performed on the deceased and who signed the death certificate which stated that the cause of death was fatty metamorphosis of the liver. Dr. Ayer testified in detail as to how the autopsy was performed, and though he did not actually perform it himself, he did examine some slides of the deceased's brain. He also testified that he examined the hospital records made on the occasion of the deceased's admission and the records of his condition after admission and up until he died some four or five hours after being admitted. After testifying to all these facts, the doctor reaffirmed his conclusion stated in the death certificate as to the cause of death. He further stated that he found no evidence that the deceased suffered a brain hemorrhage and testified that in his opinion exertion had nothing to do with his death. The doctor further testified that many of the outward manifestations of the terminal condition of fatty metamorphosis of the liver resemble the outward manifestations of a brain hemorrhage.

Dr. M. L. B. Clarke testified by deposition on behalf of the claimant, and it is sufficient to say that he testified in response to properly phrased hypothetical questions that in his *opinion* the deceased employee died as the result of a brain hemorrhage and that the exertion of the employee in performing his work was a contributing factor. There was no direct testimony by any of the doctors that the autopsy revealed any affirmative evidence that the deceased had in fact suffered a brain hemorrhage.

On appeal to the superior court, an award of the full board is conclusive as to all issues of fact where there is any evidence to support the findings with respect thereto, and neither the superior court nor this court has authority to interfere with an award which is so supported. *Atlanta Newspapers* v. *Clements*, 88 *Ga.*

362

*App.* 648, 650 (76 S. E. 2d 830). The death certificate signed by Dr. Ayer which was introduced in evidence was prima facie evidence of the cause of death (Code, Ann., § 88-1118), and though its introduction raises a presumption as to the cause of death it is a rebuttable presumption, and it is a question solely for decision by the fact-finding body as to whether the conflicting evidence was sufficient to rebut such presumption. *Davis* v. *Atlantic Steel Corp.,* 1 *Ga. App.* 102 (1) (84 S. E. 2d 839). Under the foregoing authorities, and in view of the testimony of Dr. Ayer, we cannot say that the evidence did not authorize the award.

. As to the contention that the award shows that the director and the board considered evidence which was not legally admissible, it is sufficient to point out that there is a presumption that the director and the board sitting in the capacity of judge and jury sift out inadmissible evidence and consider only that evidence which is admissible under the rules of evidence, whether actually ruled out or not. *Liberty Mutual Ins. Co.* v. *Meeks,* 81 *Ga. App.* 800 (2) (60 S. E. 2d 258). This contention shows no cause for reversal.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*