38584.    ST. PAUL FIRE & MARINE INSURANCE
COMPANY *et al.* v. HORTON.

DECIDED FEBRUARY 20, 1961.

172

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* for plaintiffs in error.

*Dewey Hayes,* contra.

FELTON, Chief Judge. The only question before this court is whether or not a claimant under workmen's compensation is required to or may accept the benefits of a portion of an award while the award is on appeal without estopping himself from pursuing his appeal. The defendants in support of their contention that estoppel does operate as against the plaintiff under these facts, cite *Coley v. Coley,* 128 Ga. 654, 655 (58 S. E. 205) ; *Owens v. Read Phosphate Co.,* 115 Ga. 768 (42 S. E. 62) ; *Stallings v. Shell Petroleum Corp.,* 54 Ga. App. 359 (188 S. E. 50) ; and *Kent v. U. S. Fidelity &c. Co.,* 54 Ga. App. 400 (1, 2) (187 S. E. 887). These cases hold that a plaintiff is not entitled to collect a judgment on one count and at the same time maintain exceptions to another count, or accept a judgment in part and reject it in part. The instant case, however, is distinguishable from those cited by the defendants by virtue of governing workmen's compensation statutes. *Code* § 114-412 provides: ". . . All hernia . . . so proven to be the result of an injury by accident arising out of and in the course of the employment, shall be treated in a surgical manner by radical operation. . . In case the injured employee refuses to undergo the radical operation for the cure of said hernia, no compensation shall be allowed during the time such refusal continues." *Code Ann.* § 114-501 provides: "The refusal of the employee to accept any

medical, hospital, surgical, or other treatment when ordered by the State Board of Workmen's Compensation shall bar said employee from further compensation until such refusal ceases, and no compensation shall at any time be paid for the period of suspension unless in the opinion of the State Board of Workmen's Compensation the circumstances justify the refusal, in which case, the State Board of Workmen's Compensation may order a change in the medical or hospital service." It is contended by the defendants that the plaintiff, if he was dissatisfied with the award of the full board, should have refused the tender of surgery. We cannot agree. The award of the single director and the award of the full board are in accord concerning the operation. The first award "ordered" the tender of the operation and the second award did not attempt to modify the first in that particular. Had the defendant refused to accept the tendered operation he would have been barred from receiving compensation. *Bituminous Cas. Co. v. Dyer*, 62 Ga. App. 279, 281 (7 S. E. 2d 415); *Code* § 114-501, supra. It is unthinkable that, where the surgical award was not the basis of appeal, the injured employee painfully risking further complication and danger, should be required or even be tempted to await an operation pending final adjudication of the merits of the weekly compensation claim. To decide this case otherwise would in effect place the plaintiff in a very unfortunate dilemma. To refuse the operation would be to lose compensation, and to accept the operation would be to give up the right to appeal for more adequate and just compensation of the event of the failure of the operation to effect a complete cure. It is also interesting to note in the defendant's motion to dismiss, that tender of the full award of the full board is alleged. On the face of the motion this does not seem to be the fact. The motion alleges: "(d) Compensation from May 14, 1960, through June 4, 1960, was withheld pending dismissal of claimant's appeal which he has refused to do, which compensation has been tendered to claimant in full compliance with the award of the board, dated April 19, 1960." The award provides for compensation for a period of six weeks after tender and acceptance of the operation on the claimant by Dr. Jardine or some other physician of the

claimant's choice. The date of the offer was April 21, and the date of the alleged acceptance was April 23. The operation was performed on May 26. The award reads : "tender and acceptance of the operation." We construe that to mean what it says, i.e., acceptance of the operation and not a mere statement of intention to have an operation. Since the date of the operation was May 26, the employer did not tender to the employee the amount awarded by the board, namely, the amount for six weeks after the operation. Such a tender would have included the time from May 26 through July 7. Since the employer did not make a tender in full compliance with the board's order, the motion to dismiss or have the appeal declared moot was without merit. What would be the answer if a full tender had been made it is not necessary to decide. It would seem, however, that such an answer would depend on the terms under which such a tender was accepted by the employee and whether the operation cured the disability, etc.

The court did not err in recommitting the case to the State Board of Workmen's Compensation for the purpose of taking additional testimony for the reason that the State Board of Workmen's Compensation is without authority to determine in advance whether the operation would be successful or that disability would cease by July 7.

*Judgment affirmed. Nichols and Bell, JJ., concur.*