### 39888. ANDERSON v. MARTIN.

DECIDED JANUARY 16, 1963—REHEARING DENIED
FEBRUARY 6, 1963.

*Jack Bohler*, for plaintiff in error.

*Kelley Quillian, Richard D. Carr, Smith, Field, Ringel, Martin & Carr, Williston C. White*, contra.

EBERHARDT, Judge. This workmen's compensation case involves a claimant who injured his back on September 19, 1960. He worked until October 18, 1960, and from then until January 2, 1961, he was treated by two physicians, paid by the employer, and on the later date was placed in the hospital by the second physician. On January 4, 1961, the employer or someone in his behalf demanded that the hospital move claimant from the private room he was occupying to a ward. Claimant refused to do this, left the hospital and claims a continuing disability. The deputy director found that the claimant "sustained an accident and injury on September 19, 1960, which arose out of and in the course of his employment with Burbon A. Martin. That whether voluntarily or involuntarily, he has been totally disabled since October 18, 1960," that the employer was "within its rights" in attempting to have claimant moved from the private room, that claimant refused the medical care offered him as of January 4, 1961, and that the employer did not owe compensation after that date. The award provided for compensation from October 25, 1960, to January 4, 1961, and medical payments.

On claimant's appeal to the full board, the deputy director's

finding and award was modified (one director voting to adopt the deputy director's finding and award) to the extent that the type of room claimant should have was a medical question; found that determination of this question was not the employer's right, and that a refusal to pay compensation for failure to accept medical treatment is justified only when the treatment is ordered by the board. The award of the full board allowed compensation for the full statutory period from October 25, 1960, less credit for certain payments already made.

The superior court reversed the board with direction "that evidence be taken and a proper finding made as to whether the claimant's physical condition was such as to require a private hospital room, and also to take evidence and make a proper finding as to claimant's present physical condition. . ." Claimant appealed to this court.

*Code Ann.* § 114-501, as amended, provides that it is only a refusal of treatment *ordered by the board* that will bar compensation. There is no contention here that the January 4, 1961, "treatment" was ordered by the board. *Code* § 114-503 allows the employer to stop compensation if the claimant refuses to submit to a physical examination or "unreasonably" refuses any "surgical treatment." The January 4, 1961, incident was neither a phyical examination nor a surgical treatment.

The full board held that the type of room claimant should occupy was a medical question. While, as the employer contends, there is no medical testimony on this point, it is admitted that (1) the employer's physician ordered claimant hospitalized, and (2) claimant was occupying a private room on January 4, 1961. Given these facts we think that at least the burden of proof on the issue of the necessity of a private room shifted to the employer and no evidence was offered by him on this point.

The evidence amply supported the finding that claimant had sustained an accidental injury arising out of and in the course of his employment. There was no evidence whatever indicating that it had been voluntarily or intentionally inflicted. Consequently the gratuitous phrase "whether voluntarily or involuntarily" in the findings and award was improper, but since the finding was of accidental injury it is harmless error.

The award of the full board was proper, and the order of the superior court reversing that award is

*Reversed.   Felton, C. J., and Russell, J., concur.*