40301. GENERAL MOTORS CORPORATION v. SLIGH.

HALL, Judge. This is an appeal from a judgment of the superior court denying the appeal of the employer from a workmen's compensation award in favor of the claimant. The evidence

would clearly support the award of the hearing director based on a finding that the claimant had sustained a 35% disability to his right arm. Two surgeons testified. One was of the opinion that the disability to the claimant's arm was 40%, the other that it was 20%. The question presented, however, is whether the award shows that the director's evaluation of the evidence was based on an erroneous conclusion of law. The director noted in the award that the surgeon testifying to the 20% disability admitted that his disability rating "did not take into consideration claimant's occupation but was based on the physical improvement that the patient had, which he could measure and see and evaluate as a physician," and found "considering he was a laboring man on the assembly line with no physical impairment prior to his accidental injury the claimant has a 35% permanent partial disability to his right arm. . ." *Held:*

An award for an industrial handicap as specifically provided for by the Workmen's Compensation Act, *Code Ann.* § 114-406, is based on impairment to the member, "irrespective of the earning ability of a claimant after an accident is sustained." *Roddy v. Hartford Acc. &c. Co.,* 65 Ga. App. 632, 635, 639 (16 SE2d 81); accord, *Godbee v. American Mut. Liab. Ins. Co.,* 95 Ga. App. 86, 88 (96 SE2d 648); *Brazier v. U. S. Fidelity &c. Co.,* 99 Ga. App. 588, 591 (109 SE2d 309); 2 Larson, *Workmen's Compensation Law,* § 58.10; 99 CJS 1123, § 311; see 58 Am. Jur. 782, § 287; 786, § 293.

While the language of the director's finding of fact quoted above might be considered surplusage, *Anderson v. Martin,* 107 Ga. App. 309, 310 (130 SE2d 174), his comment on the testimony of the physician who gave the opinion of 20% disability shows that the director proceeded upon an erroneous theory in arriving at the award. Accordingly, the judgment must be reversed with direction that the case be remanded to the board with instructions to make findings of fact and enter an award applying the law in conformity with this opinion. *Carter v. Georgia Power Co.,* 107 Ga. App. 380, 381 (130 SE2d 156); *Pike v. Maryland Cas. Co.,* 107 Ga. App. 49, 52 (129 SE2d 78).

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*

Decided September 20, 1963.

356

*King & Spalding, Richard A. Denny, Jr., William H. Izlar, Jr.,* for plaintiff in error.

*Bruce B. Edwards,* contra.