### 42304. RELIANCE INSURANCE COMPANY et al. v. OLIVER.

FRANKUM, Judge. 1. This is a workmen's compensation case in which the claimant seeks to recover compensation under the provisions of *Code Ann.* § 114-406 (m) for the loss of the use of his right arm. His right to compensation under the provisions of that Code section was dependent not upon his permanent industrial handicap but solely upon the loss of function of his arm. *Roddy v. Hartford Acc. &c. Co.,*

65 Ga. App. 632, 635 (16 SE2d 81); *Godbee v. American Mut. &c. Ins. Co.,* 95 Ga. App. 86 (96 SE2d 648); *General Motors Corp. v. Sligh,* 108 Ga. App. 354 (133 SE2d 56). While there was evidence which would have authorized a finding that the claimant had suffered a 100% loss of use of his right arm, there was also evidence which would have authorized a finding of a lesser percentage of the loss of use of that member. The deputy director, in her findings of fact, stated "that observing claimant at the hearing, wearing a cast on his right hand, anyone could see he was unable to pursue the occupation of mechanic without use of the right hand," and she thereafter awarded compensation to the claimant "based upon the above findings of fact" as for a total loss of use of his right arm. It is obvious that the deputy director in entering her award based her conclusions therein, in part at least, upon the theory that she was authorized to award claimant compensation for the loss of use of his arm because he could no longer work as a mechanic or on the job at which he had been working for 39 years. To this extent the award was based on an erroneous theory of law contrary to the principles enunciated in the cases cited, and the award of the full board which simply adopted the award of the deputy director should have been reversed with direction that an award either granting or denying compensation and based upon a consideration of the foregoing legal principles be entered.

2. The claimant testified that he suffered an accidental injury when he fell 5 or 6 feet from a tractor to the floor, landing on both his elbows. This did not result in immediate disability, but approximately two weeks after this occurrence he became disabled apparently as a result of a hemorrhage around the ulnar nerve near his right elbow, claimant first noticing this condition while he was shaving. The evidence showed that for several years the claimant's work as a heavy duty tractor mechanic had required that he work beneath those machines, using his elbows on the floor to propel himself around, and the medical evidence showed that because of this more or less constant or repetitious trauma to his elbows he had developed a condition which predisposed him to disability resulting from traumatic injury to his elbows. The medical evidence also was sufficient to authorize a finding that the fall which the claimant suffered while on the job

was the precipitating cause of his disability. In view of this proof, the contention made before this court in the appellant's first ground of enumerated error that the award was not supported by any evidence to show that the claimant sustained an accidental injury which arose out of and in the course of his employment is not meritorious.

*Judgment reversed with direction. Felton, C. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 9, 1966—DECIDED NOVEMBER 17, 1966.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James A. Eichelberger,* for appellants.

*Charles O. Baird, Jr., Walter V. Beasley,* for appellee.