### 43141. RELIANCE INSURANCE COMPANY et al.
### v. OLIVER.

WHITMAN, Judge. 1. This marks the second appearance of this case in this court. It is a workmen's compensation case in which the claimant seeks to recover compensation under the provisions of *Code Ann.* § 114-406 (m) for the loss of the use of his right arm. The nature of the claimant's disability and the events which gave rise to that disability are set out on the former appeal in *Reliance Ins. Co. v. Oliver*, 114 Ga. App. 639 (152 SE2d 423). On that appeal there were two enumerations of error, and in the opinion above cited it was held that the first ground of enumerated error, i.e., that the award in favor of the claimant was not supported by any evidence to show that the claimant sustained an accidental injury which arose out of and in the course of his employment, was not meritorious.

The second enumeration of error on the former appeal was that the judgment of the full board in favor of the claimant was predicated on the alleged erroneous legal theory that the claimant's earning capacity, as a right-handed heavy-duty mechanic, was determinative in rating his disability for an injury compensable under *Code Ann.* § 114-406 (m).

At the risk of redundancy but with the view that its repetition here will give a direct, ready reference to matter which is regarded as pertinent to a consideration of one of the two enumerations of error on the present appeal, we set forth here a portion of Division 1 of the opinion on the former appeal (114 Ga. App. 639, supra), as follows: "While there was evidence which would have authorized a finding that the claimant had suffered a 100% loss of use of his right arm, there was also evidence which would have authorized a finding of a lesser percentage of the loss of use of that member. The deputy director, in her findings of fact, stated 'that observing claimant at the hearing, wearing a cast on his right hand, anyone could see he was unable to pursue the occupation of mechanic without use of the right hand,' and she thereafter awarded compensation to the claimant 'based upon the above findings of fact' as for a total loss of use of his right arm. It is obvious that the deputy director in entering her award based her conclusions therein, in part at least, upon the theory that she was authorized to award

claimant compensation for the loss of use of his arm because he could no longer work as a mechanic or on the job at which he had been working for 39 years. To this extent the award was based on an erroneous theory of law contrary to the principles enunciated in the cases cited, and the award of the full board which simply adopted the award of the deputy director should have been reversed with direction that an award either granting or denying compensation and based upon a consideration of the foregoing legal principles be entered."

On the former appeal in this court, one of the findings of the deputy director according to the record in that case, of which this court takes judicial notice, was as follows: "I further find claimant worked to about December 12, 1964, and has not worked since; that he cannot use the little and ring fingers of the right hand, and has pain up in his right arm; that observing claimant at the hearing, wearing a cast on his right hand, anyone could see he was unable to puruse the *occupation of mechanic* without use of the right hand." (Emphasis supplied.) This is the finding of fact referred to in the quoted portion of the opinion in 114 Ga. App. 639, supra. In that case a majority of the full board made the findings of fact and award of the deputy director its findings of fact and award.

The direction above indicated in the opinion in 114 Ga. App. 639, supra, was by remittitur and judgment of the lower court transmitted in due course to the full board.

The full board on March 23, 1967, in the present case, made and entered its findings of fact and award in favor of the claimant. Its findings of fact and award were introduced by the following statement and ruling: "The above styled case having been remanded to the board with directions that an award be issued in accordance with the Court of Appeals decision in this matter. Therefore the award of the deputy director dated August 19, 1965, is hereby set aside and the following findings of fact made and entered herein."

One of its seven findings of fact is as follows: "The full board further finds that claimant worked to about October 12, 1964, and has not worked since; that he cannot use the little and ring fingers of the right hand and has pain up his right arm; that observing claimant at the hearing wearing a cast on his right hand anyone could see he was unable to pursue

*gainful employment* without the use of the right hand."
(Emphasis supplied.)

Another of the findings of the full board is as follows: "The full board therefore finds that claimant has a 100% loss of use of the right arm and is entitled to compensation at the rate of $37.00 per week, beginning December 12, 1964, and continuing for a period not to exceed 210 weeks (10 weeks under Georgia Code Section 114-404 and 200 weeks under Georgia Code section 114-406 (m)), or until there is a change in condition. He is further entitled to all reasonable and necessary medical expenses incurred by reason of his accident and injury, not to exceed the statutory limit of $2,500." Thereupon award was made accordingly by the full board.

It is to be inferred that the findings of fact and award of the full board of date March 23, 1967, were predicated solely upon a review of the original transcript in Case No. 42304. On appeal to the lower court the award of the full board of date March 23, 1967, was affirmed and made the judgment of the lower court on July 6, 1967, and from that judgment the present appeal was had by the appellant; notice of appeal providing "The clerk will omit nothing from the record. The transcripts of evidence and proceedings before the deputy director and full board now on file with the clerk are to be included in the record on appeal."

There are two enumerations of error on the present appeal. The first enumeration of error is as follows: "The superior court erred in making the judgment of the full board the judgment of the court [R-107-108] since the award of the full board [R-101-103] was predicated on the erroneous legal theory that the claimant's industrial handicap, i.e., his inability to pursue gainful employment *or* return to his job *or* the failure of the employer to offer him a job which would not require the use of his right hand, were determinative in rating his disability for an injury compensable under Ga. Code § 114-406 (m)." (Emphasis supplied.)

There are significant differences between the findings of the deputy director entered on the first hearing on August 19, 1965, which was affirmed by a majority of the full board, and the findings of the full board of date March 23, 1967, not only in the fact that the findings of August 19, 1965 were by the single director, and the findings of March 23, 1967 were by the full board only, but also in the fact that

the findings of the single director in respect of the claimant's wearing a cast on his right hand was predicated *upon her own personal observation* on the occasion of the first hearing, whereas the finding of the full board in that respect could not have been observed by the members of the full board, the hearing before them being predicated solely upon a review of the original transcript of the evidence on the former hearing.

It is, of course, recognized that evidence may be "autoptic preference," to adopt a phrase of which a great law writer confessed himself to be the author (see Vol. IV, Wigmore on Evidence, 3rd Ed., Sec. 1150, Note 1); *Morse v. State,* 10 Ga. App. 61 (72 SE 534). This principle has been recognized by other decisions in this state. See, e.g., *Pidcock v. West,* 24 Ga. App. 785 (102 SE 360); *Southern R. Co. v. Brock,* 132 Ga. 858 (64 SE 1083); *American Cas. Co. v. Herron,* 100 Ga. App. 661 (1) (112 SE2d 160). While that which a court sitting with or without a jury may observe during the conduct of a hearing with legal evidentiary inferences that may be drawn therefrom, may be regarded as evidence, a trior of facts who has had no opportunity to make an observation cannot draw inferences or predicate conclusions upon an observation made by another trior of facts on a prior hearing. To do so would be in effect giving credence to hearsay without probative value, and would likewise constitute a mere conclusion, also without probative value. In the present case there was evidence that the claimant on the first hearing had a bandage on his right arm, covering a plaster of paris splint, to hold his fingers to prevent the development of a deformity. The finding of the full board makes no reference to this evidence; the finding by the full board being, as above indicated, "that observing claimant at the hearing wearing a cast on his right hand, anyone could see he was unable to pursue gainful employment without the use of the right hand." This finding was based not only on what the full board did not observe, but was also a bare conclusion as to what anyone could see.

Hearsay evidence, although admitted without objection, is entirely without probative value. *Pacific Employers Ins. Co. v. West,* 97 Ga. App. 392, 397 (103 SE2d 130).

An award supported by sufficient competent evidence will not be reversed because of the improper admission of hearsay testimony. *General Accident Fire &c. Assurance Corp. v. Teal,* 100 Ga. App. 314, 315 (111 SE2d 113), and cases cited.

Conclusions of witnesses not supported by facts are without probative value. *Gordy Tire Co. v. Bulman,* 98 Ga. App. 563, 564 (106 SE2d 332).

An award will not be reversed because some irrelevant evidence was admitted or because there is some irrelevant testimony included in findings of fact. *Rittenhouse v. U. S. Fidelity &c. Co.,* 96 Ga. App. 407, 409 (100 SE2d 145).

In the opinion on the former appeal, 114 Ga. App. 639, supra, it is stated that there was evidence in the record which would have authorized a finding that the claimant had suffered 100% loss of the use of his right arm. The claimant testified on the hearing that he could not use his hand for anything; that he could not do any type of work with his arm. This testimony alone, without the medical testimony, is sufficient to support the finding of the full board. *Fireman's Fund Indem. Co. v. Moody,* 100 Ga. App. 690, 694 (112 SE2d 234). See also *St. Paul-Mercury Indem. Co. v. Fletcher,* 97 Ga. App. 429 (103 SE2d 438).

The court is of the view and so holds that under the present state of the record on this appeal, and applying the principles of law hereinabove set out, the case was within the purview of the repeated rulings of the Supreme Court and of this court that when findings of fact and an award by the board are supported by any evidence, they are conclusive and must be affirmed by the court. See, among other cases, *American Mut. Liab. Ins. Co. v. Sisson,* 198 Ga. 623 (32 SE2d 295); *Hudgens v. Meeks & Hammond Lumber Co.,* 97 Ga. App. 95, 97 (102 SE2d 71); *Davis v. Fireman's Fund Ins. Co.,* 106 Ga. App. 519 (127 SE2d 481); *Fidelity & Cas. Co. v. Hodges,* 108 Ga. App. 474 (133 SE2d 406).

2. It will be noted that the first enumeration of error above set forth is in the alternative insofar as it refers to return of the claimant to his job or the failure of the employer to offer him a job. There is no evidence in the record that claimant is unable to return to his job and there is no evidence in the record that claimant has been offered a job which would not require use of his right hand, and the full board so finds. This enumeration of error insofar as it relates to such matters is without merit.

3. The other enumeration of error is as follows: "The superior court erred in making the judgment of the full board the judgment of the court . . . since the award of the full

board . . . in determining the issue of notice relied upon and considered not the evidence presented at the hearing but the first report of injury in the board's file which report was clearly inadmissible and could not be used as evidence."

According to the transcript of stipulations and evidence the alleged injury took place around the first of December 1964, and claimant testified that he thereafter gave notice of his alleged fall to a member of the employer company, which it appears from the record was within thirty days of the occurrence. Even though verbal, this notice was in compliance with the provisions of *Code* § 114-303. This enumeration of error is without merit.

The judgment of the trial court affirming the award in favor of the claimant is affirmed.

*Judgment affirmed. Pannell, J., concurs, and Bell, P. J., concurs in the judgment.*

SUBMITTED OCTOBER 4, 1967—DECIDED MARCH 11, 1968— REHEARING DENIED MARCH 26, 1968—

*Greene, Buckley, DeRieux, Moore & Jones, Burt DeRieux, James A. Eichelberger,* for appellants.

*Charles O. Baird, Jr., Walter V. Beasley,* for appellee.