47264, 47265.   ZURICH INSURANCE COMPANY et al.
v. ROBINSON; and vice versa.

ARGUED MAY 25, 1972—DECIDED SEPTEMBER 6, 1972—
REHEARING DENIED SEPTEMBER 25, 1972—

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellants.

*Robert T. Efurd, Jr.,* for appellee.

CLARK, Judge. This workmen's compensation case was here previously in *Zurich Ins. Co. v. Robinson,* 123 Ga. App. 582 (181 SE2d 923). Its origination is upon the employee's application based on change of condition under *Code Ann.* § 114-709. At that time compensation was being paid claimant (as he will hereafter be referred to as this is the term used by his attorney) on a 15% loss of use of the leg resulting from a knee injury. After hearing evidence the board ruled as stated in our opinion on the previous appeal at page 582 that "no change in condition has been shown which would entitle claimant to additional compensation. That claimant is not totally disabled and without some medical to substantiate a higher disability rating, it is impossible to determine whether the disability was increased or decreased."

In that first appeal the superior court determined the board was in error in its conclusion of law that it could not decide the case without some expert medical testimony and remanded the case to the board. The Court of Appeals affirmed that ruling of the superior court, holding at page 583 that "The board being the finder of the facts must determine the issue made on the evidence before it and may not decline to rule due to the absence of expert testimony. The superior court correctly sustained the appeal and remanded the case to the board for further proceedings."

After return of the case to the board the employer and its insurer requested permission to secure the testimony of a medical expert should the board desire it. Claimant objected, taking the position that the record had been closed and that the board must make its decision based upon the record as it initially existed as of the time of the first appeal. The board nevertheless set a hearing before a deputy director for the purpose of taking "additional medical evidence

on behalf of the full board" and, in addition, responded to claimant's objection, stating, "While we agree that it is not mandatory that the board have before it medical testimony as to the extent of disability, in this case which is based upon a change in condition upon the claimant's motion, testimony in the record at this time is insufficient for the board to arrive at a determination of the extent of the change in condition claimed by the claimant."

The hearing was held. Claimant testified again. Over claimant's objections the record was held open for the purpose of allowing a medical examination of claimant and deposition testimony of the doctors to be submitted. The employer and its insurer submitted the deposition of Dr. Warner Wood. Claimant, preserving his objections, submitted the deposition of Dr. Calvin Sandison.

The board thereafter entered its findings and award to the effect that there was no change in claimant's condition. Claimant again appealed to the superior court. The superior court entered an order to remand with directions. Both parties have taken appeals from this order with enumerations of error by each which we will consider hereafter.

1. The central issue made by the main appeal, the cross appeal and the briefs can be stated as follows: Where the Court of Appeals in affirming the superior court has stated that the Board of Workmen's Compensation may not decline to rule due to the absence of medical testimony in a change of condition case, is the board in undertaking to make a ruling pursuant to such remand limited to a decision on the record as it first stood prior to remand or may the board open the record for the purpose of receiving additional evidence it believes pertinent to the decision to be made as to the claim of change of condition?

We start with the clarification that this court on the prior appeal *did not rule such action would be improper on remand.* In the first appeal the board had said it *could not determine the case without expert medical testimony.* We held, as the superior court had also then ruled, that the *board must make a determination;* it cannot decline to

decide merely because there is an absence of expert testimony.

There having been a reversal and remand for further proceedings the case once again became one pending for disposition before the full board. As such the board was authorized to proceed in accordance with *Code Ann.* § 114-708, which provides: "All of the members may remand to a single director any case before them for review for the purpose of taking additional evidence; said evidence shall be delivered to all of the members and it shall be taken into account before rendering any decision or award in such case." Whether it will do so is a matter discretionary with the board. *Cameron v. American Can Co.,* 120 Ga. App. 236 (1) (170 SE2d 267). It is true that once a finding of fact and an award of the full board has been entered, the record can not be reopened for the taking of additional evidence except upon change of condition, fraud, or newly discovered evidence. *Howard v. Murdock,* 83 Ga. App. 536, 538 (64 SE2d 221); *Ideal Mut. Ins. Co. v. Ray,* 94 Ga. App. 785, 788 (96 SE2d 377). In the present case there was no "award" in existence when the additional testimony was sought; the finding of no change of condition had been erased because of the erroneous theory applied in making its decision that medical testimony has to be presented. We therefore conclude that it became discretionary with the board to seek medical evidence. Cf. *Hartford Acc. &c. Co. v. Cox,* 191 Ga. 143 (11 SE2d 661); *St. Paul Fire &c. Ins. Co. v. Horton,* 103 Ga. App. 171 (118 SE2d 597); *American Mut. &c. Ins. Co. v. Gore,* 95 Ga. App. 885 (99 SE2d 238); *Chambers v. Powell,* 126 Ga. App. 393 (190 SE2d 823); *Hartford Acc. &c. Co. v. Snyder,* 126 Ga. App. 31 (189 SE2d 919).

2. In connection with claimant's enumeration of errors on the cross appeal he argues that the "first record" required a finding and award of 100% disability based on the claimant's testimony concomitant with the presumption codified as *Code* § 38-119 arising from the failure of an adversary to produce rebuttal evidence. He contends the superior court erred in not going far enough in the remand order. We

understand the contention to be that the superior court should have remanded to the board with direction that a 100% disability award be entered.

First, as pointed out in Division 1, the reversal and remand by the superior court was erroneous. In any event a superior court is without authority to give direction as to what the board should find as fact or conclude from the evidence before it. "Upon review of an award, the superior court only has the authority to affirm, reverse or in some cases remand to the board. *American Cas. Co. v. Harris,* 96 Ga. App. 720, 723 (101 SE2d 618)." *Fulton Cotton Mills v. Lashley,* 123 Ga. App. 528, 531 (182 SE2d 180).

3. The right to compensation for specific body member disability under *Code Ann.* § 114-406 is based not upon permanent industrial handicap but solely upon the loss of function of the member itself. *Reliance Ins. Co. v. Oliver,* 114 Ga. App. 639 (1) (152 SE2d 423); *Roddy v. Hartford Acc. &c. Co.,* 65 Ga. App. 632, 635 (16 SE2d 81); *Godbee v. American Mut. &c. Ins. Co.,* 95 Ga. App. 86 (96 SE2d 648); *General Motors Corp. v. Sligh,* 108 Ga. App. 354 (133 SE2d 56). The medical testimony offered by the doctor testifying for the employer and insurer who had treated and recently examined claimant was related to the claimant's abilities and inabilities to use his leg. There is no merit in the contention that such evidence could not be considered because it gave no consideration to the particular manual labor uses to which claimant normally put his leg.

4. The contention that it was error over claimant's objection to allow the record to remain open for the purpose of receiving a deposition of medical testimony, rather than requiring such testimony to be presented at the hearing which had been specifically held for that purpose, is without merit. In *Cameron v. American Can Co.,* 120 Ga. App. 236 (1a), supra, we ruled the board had this power.

5. Another enumeration of error involves the deposition of Dr. Calvin Sandison. This deposition was submitted to the board by claimant in rebuttal to the testimony of another doctor whose testimony had been taken by the

insurer. Claimant asserts "the deposition of Dr. Sandison was not opened or considered by the board." The record as submitted to the superior court and to this court includes Dr. Sandison's deposition. Explanation for this situation and claimant's contention is contained in a certificate from James C. Pullin, Secretary-Treasurer of the board, in these words: "Mr. Efurd [claimant's counsel] brought to our attention a deposition from Dr. Calvin Sandison, which had been received in this office on August 18, 1971, and was unopened and I, James C. Pullin, dictated a certification to this effect and this certification was placed in the file. The deposition of Dr. Sandison was opened later by our Appeals' Clerk at the time she made up a copy of the record to send to the Superior Court of Fulton County, which was sent from this office on October 26, 1971."

The award from which the instant appeal is taken recites: "The majority of the board finds from a consideration of *all* the evidence introduced that the claimant still has a 15 percent loss of use of the right leg and he has not shown a change in condition from this disability rating." (Emphasis supplied). With this recital that *"all* the evidence" was considered, we are required to rule adversely to the claimant on this enumeration. From the very first case published in the Georgia Reports, *Truluck v. Peeples,* 1 Ga. 1, the courts have consistently ruled the presumption exists that public officers have acted in compliance with the law. See the numerous cases in Volume 10, Georgia Digest, Evidence Key 83. "The presumption has been applied to judges, clerks, sheriffs, constables, tax assessors, members of a city council and others," said this court in *Irvin v. Woodliff,* 125 Ga. App. 214, 220 (186 SE2d 792), and there applied it to the Commissioner of Agriculture. It is also applicable to administrative bodies. *Johnson v. Walls,* 185 Ga. 177 (194 SE 380). Thus it applies in the instant case to the State Workmen's Compensation Board.

A similar situation was passed upon in the recently decided case of *Hartford Acc. &c. Co. v. Snyder,* 126 Ga. App. 31, supra. There a question arose with reference to a dis-

covery deposition of the employee. There the deputy director indicated that he did not take this deposition into account but the award by the full board contained a recital stating review of the "entire record." Accordingly, our court held that the full board did consider the deposition on the basis of such recital which is similar in nature to the instant case.

In view of the force of this presumption we cannot consider it to be rebutted by the certificate from the board's secretary-treasurer which fails to state expressly that the deposition was not considered. The award by the board was dated September 16, 1971, and the certification was made on October 14, 1971, which would indicate that the envelope containing the original may have been opened and resealed during the interim. In view of the award's specific statement as to "all" of the evidence having been considered, we cannot impute to the board a violation of its administrative duties without manifest proof to this effect.

Although the presumption leads us to believe the full board did consider the deposition in arriving at its findings, and that in some manner, whether intentionally or accidentally, it afterwards became resealed, the proper procedure to raise such contention was to have moved before the board to re-open the award for the purpose of having the deposition considered or to have the recital corrected if for some reason the deposition was overlooked. *Minter v. State,* 122 Ga. App. 695, 696 (178 SE2d 335). Questions not raised before the board cannot be raised for the first time in the appeal to the superior court. *Martin v. U. S. Fidel. &c. Co.,* 58 Ga. App. 59, 63 (197 SE 660).

It is also incumbent upon this court to apply the "any evidence" rule in passing upon the Workmen's Compensation Board's finding of fact. *Code* § 114-710; *Delta C. & S. Airlines v. Perry,* 94 Ga. App. 107 (93 SE2d 771); *Dill v. Ocean Acc. &c. Co.,* 95 Ga. App. 60 (96 SE2d 638); *Ingraham v. Atlantic Co.,* 97 Ga. App. 359 (103 SE2d 58). See also *Firemen's Fund Ins. Co. v. New,* 110 Ga. App. 596 (139 SE2d 343) which holds that even though evidence may be

conflicting and not altogether complete and satisfactory, it will nevertheless be sufficient to sustain any award by the State Board of Workmen's Compensation.

6. The ruling of the superior court is reversed and the finding by the State Board of Workmen's Compensation is upheld.

*Judgment reversed on main appeal; cross appeal dismissed because of mootness. Eberhardt, P. J., and Deen, J., concur.*